FERRIS *v.* COURT OF HONOR.

Life Insurance—Cause of Death—Proviso—Burden of Proof.
  A provision in a life-insurance policy for a limited liability in
  case the assured shall die by suicide is in the nature of a con-
  dition subsequent, and in an action on the policy the burden
  is upon the insurer to show that the case comes within the
  provision.

Error to Kent; Wolcott, J.  Submitted November 15, 1907.  (Docket No. 50.)  Decided May 1, 1908.

Assumpsit by Addie M. Ferris against the Court of Honor on a policy of insurance.  There was judgment for plaintiff, and defendant brings error.  Affirmed.

*Hal. H. Smith*, for appellant.

*McKnight & McAllister* and *Don. E. Minor*, for appellee.

McAlvay, J.  This case is a companion to the case of *Ferris* v. *Loyal Americans of the Republic*, ante, 314, and is in all material matters similar to that case.  It was tried before the same judge, at about the same time, on

substantially the same testimony and with the same result. It involves many of the questions raised in that case. It is unnecessary to repeat the discussion of those questions. They are controlled by our decision in that case. We proceed to discuss certain questions not raised in the other case.

1. The trial court refused to give the following request of defendant:

"I charge you that before you can find a verdict for the plaintiff, in this case, you must find by preponderance of the evidence that the cut and wound did not hasten or accelerate his death, and was not a contributing cause thereof, otherwise your verdict must be for the defendant, no cause of action."

This raises a question respecting the burden of proving the cause of death. We did not consider it in the other case because defendant's counsel conceded that the burden rested upon their client. The contention of defendant is that the burden of proof was upon plaintiff to show that the cause of death was not within the suicide proviso of the certificate. The provision in the constitution of defendant company relative to suicide in force at the time of the death of Mr. Ferris, and which provision is to be considered as included in the insurance certificate, reads as follows:

"Sec. 145. If a benefit member commits suicide, whether sane or insane, voluntary or involuntary, there shall be payable to the beneficiaries entitled thereto five per cent. of the face of the certificate for each year he shall have been continuously a member of the society and after 20 years of continuous membership the certificate shall be payable in full."

This question has been frequently before the courts in both life and fire insurance cases. From an examination of these cases, it appears that the general rule of law has been established, that provisions such as the one under discussion have been held to be conditions subsequent, and therefore that the burden of proving that the case comes within the proviso or condition of the policy being

a matter of defense devolves upon the defendant. This court has approved and affirmed this doctrine in an opinion written by Mr. Justice CARPENTER, which cites the leading case in the United States upon this question: *Western Assurance Co.* v. *J. H. Mohlman Co.*, 28 C. C. A. 157 (40 L. R. A. 561), and quotes at length from the opinion which digests the American authorities. *N. & M. Friedman Co.* v. *Assurance Co.*, 133 Mich. 212, cited and approved in *Phenix Ins. Co.* v. *Luce*, 60 C. C. A. 655.

2. Complaint is made because the trial court did not give the following request respecting the statement in the proofs of loss:

" I do not charge you that these estop the plaintiff from showing that the cause of death was otherwise, but I do charge you that they are admissions by her, and were in terms adopted by her, and that unless those admissions are explained, they must stand, and can and should be considered by you in determining what was the true cause of death and whether or not the wound inflicted by the hand of the deceased did not contribute to hasten or accelerate his death."

This request is somewhat different from the one relating to the same subject considered in the other case, but our reasoning in that case shows that it would have been incorrect to charge the jury that plaintiff could not recover unless those admissions were explained. The request should not therefore have been given. In so far as it stated the correct rule it was covered by the general charge of the trial court.

3. We are asked to review the refusal of the trial court to grant a new trial upon the ground of newly-discovered evidence. The trial court refused to grant this motion upon the ground that defendant had not used due diligence in discovering this so-called newly-discovered testimony. And also upon the ground that it would require an amendment of the pleadings and a retrial upon a different issue and upon a different theory. We approve this decision.

Other questions are raised.   Most of them were decided in the other case.   Others are based upon an erroneous construction of the record.

The judgment is affirmed.

GRANT, C. J., and BLAIR, HOOKER, and CARPENTER, JJ., concurred.