### GREAT SOUTHERN LIFE INSURANCE CO. v. MONROE, Adm'x.

No. 26894. March 2, 1937.

Rehearing Denied April 6, 1937.

Embry, Johnson, Crowe & Tolbert, for plaintiff in error.

Reuel W. Little, for defendant in error.

PER CURIAM. This is an appeal from the district court of Marshall county. The action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover upon a policy of insurance upon the life of Alva B. Wininger, deceased.

The policy was issued on May 28, 1934, and contained the following provision:

"In case of death of the insured by his own hand, while sane or insane, within two years from the date of this policy, the company's liability shall be limited to the amount of the premiums paid thereon."

The insured died the 20th day of November, 1934, as the result of a gunshot wound in his head. Defendant alleged that the death of the insured had been brought about by his own hand, and that under the above provision of the policy its liability was limited to the amount of premiums paid thereon, which amount was tendered to and refused by the plaintiff. Defendant having the affirmative issue assumed the burden of proof, the jury returned a verdict in favor of plaintiff and assessed her recovery at the face amount of the policy. Defendant filed a motion for new trial within the statutory period and thereafter a supplemental motion for new trial based on the ground of newly discovered evidence. Both motions were overruled and denied. Defendant appeals from the judgment rendered on the verdict and the order overruling its motions for new trial. The defendant assigns 16 specifications of error in this court and presents them under a number of different propositions. We deem it necessary to discuss only one, i.e., that the court erred in overruling and denying the defendant's motion for new trial on the ground of newly discovered evidence.

As stated in Flesner v. Cooper, 62 Okla. 263, 162 P. 1112:

"The requisites of a motion for a new trial upon the ground of newly discovered evidence have been stated by this court as follows, to wit:

"'A rule of wide recognition regarding the granting of new trials on the ground of "newly discovered evidence" exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial (with) due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence.' Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, L. R. A. 1916C, 1155."

With this rule in mind, the court has further said:

"'A motion for new trial on the ground of newly discovered evidence should be sustained, when it appears that the evidence, if produced, would probably produce a different result.' Roeser v. Pease, 37 Okla. 222, 131 P. 534; Burford v. Benton, 44 Okla. 283, 144 P. 349."

As we have heretofore pointed out, the sole issue presented to the trial court was whether the death of the insured had been caused by his own intentional act or otherwise. Since the defendant alleged the affirmative of the issue, it had and correctly assumed the burden of proof. Modern Brotherhood of America v. White, 66 Okla. 241, 168 P. 794. As shown by the record there were no eyewitnesses to the tragedy. The evidence of the parties as to the manner in which the insured came to his death was purely circumstantial. The essential features of this evidence may be briefly reviewed. The body was found lying in a small grove adjoining a ball park near Madill, Okla.; death had been caused by a bullet which had been discharged into the back of the head; a 32 automatic pistol was found under the body and near the right hand; the fatal bullet had been discharged from this gun; the bullet after its discharge had passed through the head and was lying on a lapel of insured's coat; a watch and some $12 or $13 in money, a check and other personal property were found on the body. There was no autopsy and the gun was not examined for fingerprints. No evidence regarding the ownership of the gun was offered at the trial, but the ownership remained unexplained and unaccounted for. Evidence of the plaintiff was to the effect that insured had never owned a gun other than a shotgun. In connection with the supplemental motion for new trial, the defendant attached thereto the affidavits of V. P.

Crowe, J. H. Griffith, and J. B. Allen. These affidavits state that prior to the trial the defendant had made an investigation to determine, if possible, the ownership of the fatal pistol; that this investigation had disclosed that the pistol, a 32 automatic Colts and which bore the serial number 119733, had been manufactured by Colts Patent Arms Mfg. Co. of Hartford, Conn., and had been sent by them to Shapleigh Hardware Company, St. Louis, Mo., October 22, 1912; that the defendant had telegraphed the hardware company in an attempt to trace that pistol and had been informed by them that they had no record thereof; that the defendant had conducted further investigation at Madill and Ada, being where the insured lived, and had been in an effort to trace said pistol, but without success; that during the progress of the trial a witness had testified to the effect that the deceased had been in Seminole, Okla., shortly prior to his death, and that this was the first information that defendant had concerning his presence at that point; that defendant thereupon immediately made an investigation at Seminole and found that affiant, J. B. Allen, a hardware merchant in said town, had sold the fatal revolver between the middle and latter part of November, 1934, to a man who had stated at the time that he lived close to Madill and whose description corresponded in some degree to that of insured. The affidavits were uncontroverted, and if true show that defendant had, with the exercise of reasonable diligence, been unable to ascertain this information prior to the trial. The evidence, newly discovered, was of a very material nature and was such that had it been produced at the trial it might have caused the jury to reach a different conclusion. In instances of this kind, the fact of ownership or nonownership of the gun in question or the possession of the gun, goes far to explain the circumstances and enables the jury to clearly arrive at the true facts of the situation. As said in Kansas Life Ins. Co. v. Pearson, 173 Okla. 259, 46 P. (2d) 449:

"In the instant case, to begin with, we cannot assume that the automatic pistol belonged to the insured in the absence of any evidence on the subject. If it belonged to some one else, that would have been very material to the inquiry, and the burden being upon the insurance company, the inference might have been properly drawn by the jury that it was not his pistol."

In the case at bar, as we have noted, the evidence of the plaintiff was to the effect that the insured had never been known to own a gun other than a shotgun, and in the absence of any evidence regarding the ownership of the pistol in question, the jury may have readily come to the conclusion that the gun perforce had to belong to some one else. The defendant was entitled to submit its evidence to the jury for their consideration. We are of the opinion that the supplemental motion for new trial meets all of the requirements and conditions necessary to the granting of a new trial on the ground of newly discovered evidence, and that therefore the trial court erred in denying such motion. In view of the conclusion thus reached and the fact that the case must be retried, it would not be proper to discuss the other contentions raised by the defendant.

Reversed and remanded, with directions to grant a new trial.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, PHELPS, GIBSON, and HURST, JJ., concur. BUSBY and CORN, JJ., dissent.