DIMMER v. MUTUAL LIFE INS. CO. OF NEW YORK.

1. TRIAL—REQUEST BY BOTH PARTIES FOR DIRECTED VERDICT—DETERMINATION BY COURT—REVIEW OF FINDINGS—EVIDENCE.

Where, without reservations, both parties ask for directed verdict, the trial judge may take the case from the jury and make his own findings of fact and if there is substantial evidence to support his findings the judgment must be affirmed on appeal.

2. INSURANCE—PRIMA FACIE CASE—SUICIDE—BURDEN OF PROOF.

In action brought to recover a death indemnity under an ordinary life insurance policy, without additional benefits in case of death by accident, a beneficiary makes a *prima facie* case upon a showing of death; suicide being an affirmative defense the burden of proving which is on defendant.

3. SAME—ACCIDENT POLICY OR CLAUSE—PLAINTIFF'S BURDEN OF PROOF.

When action is brought upon an accident policy or upon the double indemnity provision of a life policy, plaintiff must show that death occurred through accidental means and consequently thereby negative suicide.

4. SAME—DOUBLE INDEMNITY FOR ACCIDENTAL DEATH—PRESUMPTION —EVIDENCE—BURDEN OF PROOF.

In action on clause for double indemnity for accidental death in life insurance policy, upon disappearance of presumption against suicide which existed until defendant introduced proof that death was by reason of suicide plaintiff had burden of proving by a preponderance of the evidence that death was accidental and not caused by suicide.

5. SAME—PRESUMPTION AGAINST SUICIDE—REBUTTAL.

Widow's statement to nurse at hospital where insured was taken that latter took his life because he loved her and their child and police officer's testimony that insured stated that he was losing his home and health *held*, clearly to rebut presumption against suicide in action under clause for double indemnity in case of accidental death, contained in policy of life insurance.

6. SAME—ACCIDENT—SUICIDE—EVIDENCE.

Finding that death was caused by accidental means *held*, not supported by record in action under clause for double indemnity in case of accidental death, .contained in life insurance policy, even though testimony shows an absence of motive for suicide, where evidence indicates insured was not cleaning gun and that it had just been loaded and statements to others made before death indicate suicide but not accident.

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted June 16, 1938. (Docket No. 84, Calendar No. 40,134.) Decided December 22, 1938.

Action by Mary Hazel Dimmer against Mutual Life Insurance Company of New York, a New York corporation, on a life insurance policy for sums due under a double indemnity provision. Directed verdict and judgment for plaintiff. Defendant appeals. Reversed.

*Monaghan, Crowley, Clark & Kellogg* (*Peter J. Monaghan, Jr.,* and *Edward T. Kelley,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

BUTZEL, J. Plaintiff, as beneficiary, brought suit against defendant on a life insurance policy which, in addition to a death benefit of $1,000, provided for double indemnity if death were caused solely by external, violent and accidental means. Under stipulation of the parties, the death benefit of $1,000 was paid without prejudice to the right to recover the additional $1,000 if death were caused by accident. The sole issue tried in the lower court was whether death was caused by suicide or by accident.

The circumstances surrounding decedent's death are not clear. About 9 a. m. Sunday, October 6,

1935, decedent went to the recreation room in the basement of his home. Shortly thereafter the report of a gun was heard and decedent was found by plaintiff slumped on a porch glider in the recreation room. There was a gunshot wound in his left chest and a pump action shotgun was lying on the floor in front of him. A box of shells and a gun case were lying on a table adjoining the glider. There were no rags or other gun-cleaning equipment noticeable. The gun was of a cheap make and the safety mechanism was defective, so that the gun could have been discharged with but slight effort or by accident. Decedent was immediately taken to a hospital where he died the following evening at 10. The police officer who rode with decedent in the ambulance to the hospital asked him why he did it and received the response:

"I am losing my home and losing my health. Get me a priest."

Plaintiff claims that these remarks were made by decedent while in a state of shock and semi-consciousness. At the hospital plaintiff, who is decedent's widow, informed a nurse that the reason decedent took his life was because he loved her and the child. Decedent at one time was apprehensive of losing his home on account of foreclosure, but a new loan had been definitely arranged with the Home Owners Loan Corporation. A month before his death, decedent consulted a doctor to whom he had been sent by another physician, who suspected he had a gall bladder disease. After an X-ray examination, decedent was told that nothing was wrong with him.

Although the case was heard before a jury, both sides moved for a directed verdict without reservation. The judge thus had a right to take the case

from the jury and to make his own findings of fact. *Arnold* v. *Krug,* 279 Mich. 702. He held that decedent's death was accidental and entered judgment in plaintiff's favor. Defendant appeals. If there is substantial evidence to support the court's findings, the judgment must be affirmed on appeal. *Jarecki Manfg. Co.* v. *Ragir,* 272 Mich. 689. We find that it is not so supported, and verdict and judgment should have been entered for defendant.

Both parties to this litigation call attention to the case of *Curth* v. *New York Life Ins. Co.,* 274 Mich. 513, wherein suit was brought both upon the ordinary death indemnity provision and the accident provision of a double indemnity policy. The policy also provided that if assured should commit suicide within two years after the date of the policy, the liability would be limited to the amount of the premiums paid. The insured died within a year after the issuance of the policy and the main question at issue was whether death was caused by suicide. On appeal, this court held that it was proper to charge that the burden of proof of suicide was on defendant. However, the opinion in that case discloses that defendant therein had not properly raised the question of burden of proof of accidental death in the lower court and for that reason, it was held that the charge of the court was not erroneous.

We have re-examined the question with particular care and it becomes necessary to point out the distinction between such cases as *Curth* v. *New York Life Ins. Co., supra,* and *Shiovitz* v. *New York Life Ins. Co.,* 281 Mich. 382, on the one hand, and the very recent case of *New York Life Ins. Co.* v. *Gamer,* 303 U. S. 161 (58 Sup. Ct. 500, 114 A. L. R. 1218), and the instant controversy, on the other.

In a case where suit is brought to recover a death indemnity under an ordinary life insurance policy,

without additional benefits in case of death by accident, plaintiff makes a *prima facie* case upon a showing of death. Suicide is an affirmative defense and the burden of proving such is on defendant. *Ferris* v. *Court of Honor,* 152 Mich. 322; *Shiovitz* v. *New York Life Ins. Co., supra; Stuckum* v. *Metropolitan Life Ins. Co.,* 283 Mich. 297.

However, when the action is brought upon an accident policy or upon the double indemnity provision of a life policy, it is incumbent upon plaintiff to show that death occurred through accidental means. The burden of proving accidental death and the consequent negativing of suicide is on plaintiff. *New York Life Ins. Co.* v. *Gamer, supra; Watkins* v. *Prudential Ins. Co.,* 315 Pa. 497 (173 Atl. 644, 95 A. L. R. 869); *Nichols* v. *New York Life Ins. Co.,* 88 Mont. 132 (292 Pac. 253); *Protective Life Ins. Co.* v. *Swink,* 222 Ala. 496 (132 South. 728); *Jefferson Standard Life Ins. Co.* v. *Jefcoats,* 164 Miss. 659 (143 South. 842); *Provident Life & Accident Ins. Co.* v. *Prieto,* 169 Tenn. 124 (83 S. W. [2d] 251); *Landau* v. *Pacific Mutual Life Ins. Co.,* 305 Mo. 542 (267 S. W. 370); *Kresse* v. *Metropolitan Life Ins. Co.,* 111 N. J. Law, 474 (168 Atl. 634); *Martorella* v. *Prudential Ins. Co.,* 238 App. Div. 532 (264 N. Y. Supp. 751); *Travelers Ins. Co.* v. *Wilkes* (C. C. A.), 76 Fed. (2d) 701, certiorari denied, *Hirsig* v. *Travelers Ins. Co.,* 296 U. S. 604 (56 Sup. Ct. 120); *Jefferson Standard Life Ins. Co.* v. *Clemmer* (C. C. A.), 79 Fed. (2d) 724 (103 A. L. R. 171). In *New York Life Ins. Co.* v. *Gamer, supra,* the court said:

"Under the contract in the case now before us, double indemnity is payable only on proof of death by accident as there defined. The burden was on plaintiff to allege and by a preponderance of the evidence to prove that fact. The complaint alleged accident and negatived self-destruction. The an-

swer denied accident and alleged suicide.  Plaintiff's negation of self-destruction taken with defendant's allegation of suicide served to narrow the possible field of controversy.  Only the issue of accidental death *vel non* remained.  The question of fact to be tried was precisely the same as if plaintiff merely alleged accidental death and defendant interposed denial without more.''

The distinction between suit for the face amount of a life policy and for double indemnity under an accident provision is recognized in *Shiovitz* v. *New York Life Ins. Co., supra,* wherein we stated:

''Both parties in their briefs concede that it (the policy) contained a clause providing for double indemnity in case of accidental death and defendant contends that as plaintiff brought suit only for the face of the policy, she admitted that death was not accidental.  It was plaintiff's right to bring suit for only the face of the policy.  Had she attempted to prove an accidental death, she might have been confronted with the same difficulty defendant encountered in trying to prove suicide.''

Because of this distinction, difficulty may arise in framing proper instructions to be given the jury when suit is brought both upon the ordinary life provision and the accident provision of a double indemnity policy.  Upon analysis, this difficulty disappears, as is shown in *Jefferson Standard Life Ins. Co.* v. *Clemmer, supra,* wherein the court said:

''In such event, it is clear that the burden of persuasion rests upon the plaintiff to bring himself within the double indemnity provision, and upon the company to bring itself within the protection of the suicide clause, and it becomes necessary to apply these rules so that they do not conflict with one another, and confuse the trier of facts.  There is, in reality, no conflict between them.  If the jury are

satisfied by a preponderance of the evidence that the death was accidental, their verdict should be for the plaintiff for the full amount. If, on the contrary, they are satisfied by the same measure of proof that the death was suicidal, they should find a verdict for the defendant. Finally, if their minds are in a state of equipoise, and they are unable to determine upon the evidence before them whether the death was accidental or suicidal, they should not find a verdict for the full amount of the claim, but only for the face of the policy; for, in such event, the plaintiff will have failed to meet the burden of persuasion as to accident, and the company will have failed to meet the burden of persuasion as to suicide. Of course, if the plaintiff foregoes his claim for double indemnity, and limits the suit to a single liability, the burden of persuasion is on the company; and, on the other hand, if the company admits single liability and the contest is over the double indemnity, the burden of persuasion is on the plaintiff."

Although the trial judge in the instant case properly assumed that the burden of proof was on plaintiff, his finding in her favor is not supported by the evidence. The presumption against suicide which exists until evidence to the contrary is introduced was clearly rebutted by the testimony of defendant's witnesses. The burden remained on plaintiff to prove by a preponderance of the evidence that death was accidental and was not caused by suicide. *Jefferson Standard Life Ins. Co.* v. *Clemmer, supra.*

No evidence was introduced to prove that death was accidental except that it was shown that there seemed to be an absence of motive for suicide and that the gun could be discharged very easily and by accident. Just why the deceased was handling the gun was left to surmise. The testimony indicates that he was not cleaning it. The box of shells on the table would give rise to the belief that the gun had

just been loaded. The statements made by decedent to the effect that he did it because he was losing his home and his health, and by plaintiff, that decedent did it for the sake of his family, all indicate suicide. There is no evidence to support a finding of death by accidental means and a verdict should have been directed for defendant.

Judgment is reversed without a new trial, with costs to defendant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.