SCALES et al. v. PRUDENTIAL INS. CO. OF AMERICA.

No. 9207.

Circuit Court of Appeals, Fifth Circuit.

Jan. 25, 1940.

Rehearing Denied Feb. 23, 1940.

Edwin W. Davis, of Orlando, Fla., and Noah B. Butt, of Cocoa, Fla., for appellant.

LeRoy B. Giles and J. Thomas Gurney, both of Orlando, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

Alleging that the death occurred "as a result directly and independently of all other causes of bodily injury effected solely through external, violent and accidental means," plaintiff-appellant, Mildred Reed Scales, sued defendant-appellee to recover the accidental death benefit provided for in an insurance policy it had issued on the life of her deceased husband, Charles Reed. Appellee, by denying that it was, put her upon her proof that the death was accidental. No one saw the firing of the shot which took Reed's life. But his cook and houseboy who had just fixed, and watched him eat, his breakfast, heard it, and coming immediately into the room where Reed was, found him lying part in and part out of a closet near the bathroom, his head in the bathroom door, his feet inside the closet.[1] The rifle with which he had shot himself was lying about his feet, the barrel next to his body, He was barefooted and unclothed except for the bathrobe. There was a hole in the center of the right temple and a circle about it, about the size of the rifle end. There were no powder burns. A heavy drinker, frequenting a bar in town regularly four or five times a day, and spending as much as $80 to $100 a month on whiskey, his family relations were pleasant and without friction. Though of a nervous and restless disposition, he was happy natured, agreeable and sociable, enjoying fishing and other sports. He had an ample income and no known financial worries or troubles. There was evidence that the gun had gone off on one or two occasions in the past in an unexplained way, and there was evidence of one witness that after Reed's death, he had been able to make the gun go off without pulling the trigger. It was undisputed however, that before the coroners' jury, a great many and very extreme efforts and experiments had been made to fire the gun without pulling the trigger, and that these efforts had all failed. All of the witnesses testified that there were no defective parts about the gun, that they were in as good condition as they could have been in. There was evidence too, of one witness, that with defective shells, the gun would occasionally malfunction, that is, would go off accidentally or when it was not expected to. On this evidence which shows mere-

---

[1] This witness testified that when he got to the house, Reed was up but not dressed. "He had on a bathrobe. I met him at the door and I spoke to him, 'good morning,' and he spoke back to me. I asked him, 'You look like you don't feel so good?' He answered, 'I don't. Don't say anything about it.' He said, 'I feel like I could stand some breakfast'. So, I started to fix some breakfast; and after he ate his breakfast, he went into the living room and sat down with a newspaper in his hand. I went back in the kitchen and finished up my work. I heard a shot. I didn't pay much attention to it, heard a noise like running in there after I heard the shot in there, it was a noise like the backfire of an automobile—I walked in and looked and saw it was him. He was lying on the floor in the living room near the cupboard door, lying outside some, part inside and part out."

ly that deceased's death was self-inflicted and nothing more, the District Judge concluding that plaintiff had failed to sustain her burden to prove accidental death, instructed a verdict against her.

Appellant insists that, aided by the presumption against suicide, her proof that the gun had on one or two occasions gone off accidentally, that one of her witnesses had, since the injury, made it fire without pulling the trigger, taken with the entire lack of evidence of any apparent motive for suicide, was sufficient to take the case to the jury, upon her theory of accidental death, that the gun was accidentally discharged while deceased was holding it up to the light to look down its barrel to inspect it.

We cannot agree with appellant. This is not a suit on a death policy with an exception against suicide where the burden is upon the defendant to prove death by suicide. In such a case, aided by the presumption against self-destruction, plaintiff makes out a case by proof of death, until the defendant, by evidence, overthrows the presumption. Nor is it a suit on an accident policy where the proof shows a violent death and nothing more. This is a suit on an accident policy where plaintiff, having the burden to show that the death was accidental, by the introduction of evidence supporting a consistent and reasonable theory of accident, shows merely that the death was self-inflicted, without showing any circumstances of the self-infliction consistent with a reasonable theory of accident. In such a case, the presumption against suicide has no place. For, if plaintiff presents evidence, consistent with a reasonable theory of accidental death, she is entitled to go to the jury because she has done so and not because of any presumption in her favor. On the other hand, if her evidence, as here, shows no more than that the deceased's death was self-inflicted and fails to present a reasonable theory of accidental death, she has failed to make out a jury case because she has failed to discharge the burden imposed upon her, of showing accidental death. "Suicide, at least when sane, is not accidental death. A plaintiff under this policy has the burden of proving an accidental death, thereby negativing suicide." Travelers' Insurance Company v. Wilkes, 5 Cir., 76 F.2d 701, 705.

Whatever may, at one time, have been the state of the law, it is now settled this way, both in Florida and in the Federal Courts. Anderson v. New York Life Insurance Co., Fla., 191 So. 307; New York Life Insurance Co. v. Gamer, 303 U.S. 161, 58 S.Ct. 500, 82 L.Ed. 726, 114 A.L.R. 1218; Boggan v. Province Life & Accident Ins. Co., 5 Cir., 79 F.2d 721; Jefferson Standard Life Insurance Co. v. Clemmer, 4 Cir., 79 F.2d 724, 103 A.L.R. 171; Travelers' Insurance Co. v. Wilkes, supra; New York Life Insurance Co. v. Trimble, 5 Cir., 69 F.2d 849; Love v. New York Life Insurance Co., 5 Cir., 64 F.2d 829; Cf. New York Life Insurance Co. v. Sparkman, 5 Cir., 101 F.2d 484.

The verdict was rightly instructed. The judgment is affirmed.

Affirmed.