METROPOLITAN LIFE INSURANCE CO. v. ROSIER.

No. 29483.    Oct. 7, 1941.

*117 P. 2d 793.*

Williams & Gable and Coakley, McDermott & Gable, all of Tulsa, for plaintiff in error.

Hughey Baker, of Tulsa, for defendant in error.

John Embry, C. E. Johnson, V. P. Crowe, Raymond A. Tolbert, F. C. Love, Calvin Boxley, and Fred Dunlevy, all of Oklahoma City, amici curiae.

OSBORN, J. Plaintiff, Gay N. Rosier, instituted this action against defendant, Metropolitan Life Insurance Company, in the court of common pleas of Tulsa county. Plaintiff sought recovery of certain indemnity provided in a double indemnity feature of a life insurance policy, of which she was the beneficiary. Issues were joined, the cause was tried to a jury and a verdict was returned in favor of plaintiff. From a judgment thereon, defendant has appealed. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged that on June 11, 1924, defendant issued its insurance policy upon the life of Ray R. Rosier in the principal amount of $5,000; that said policy made provisions with reference to accidental death in an amount equal to the face amount of the policy; that plaintiff was named beneficiary in the policy; that on August 30, 1937, insured, by accidental means, received a gunshot wound, as a result of which he died. Plaintiff further alleged that defendant paid the face amount of the policy in the sum of $5,000, but refused to pay the additional $5,000 under the double indemnity feature of the policy. Plaintiff waived and relinquished her right to any sum in excess of $3,000, and the verdict of the jury was for that amount.

By its answer defendant admitted the issuance of the policy, the death of the insured, and the payment of the face amount of the policy. It further admitted that insured died as the result of a gunshot wound, but it was denied that the same was accidentally inflicted. It was affirmatively alleged that insured's death resulted from intentional self-destruction, or suicide, and that under the terms of the double indemnity clause defendant was not liable for the indemnity therein provided. Defendant's position is stated in the brief as follows:

"When suicide is excluded by the insuring clause of an accident policy or the double indemnity feature of an ordinary life policy, the burden is on the beneficiary to prove the death of the insured from accidental causes other than suicide."

It appears that when the cause was called for trial a question arose with reference to the burden of proof. After argument, the court orally entered the following order:

"Let the record show, after argument on defendant's contention that the burden of proof is on the plaintiff to show that decedent did not come to his death by reason of suicide, the court holds that the burden of proof on the question of suicide is on the defendant and the burden of proof is on the plaintiff otherwise and under the state of the pleadings and the admissions already made, the only question involved is the burden of proof on the question of suicide. Therefore, the court is requiring the defendant to assume the burden and go forward."

Instruction No. 1, given by the court and excepted to by defendant, is as follows:

"You are instructed that the only issue for your determination in this case is whether the deceased committed suicide or whether his death was caused by

violent, accidental and external means, and, in this connection, you are instructed the burden of proof is on the defendant to prove its defense that the deceased committed suicide by a preponderance of the evidence, and unless you find that the defendant has done so, your verdict should be for the plaintiff for $3,000."

The pertinent portions of the double indemnity feature of the policy are as follows:

"In consideration of the application for this Contract, as contained in the application for said Policy, the latter being the basis for the issuance hereof, and in consideration of SIX dollars and TWENTY - FIVE cents, payable ANN as an additional premium herefor, such payment being simultaneous with, and under the same conditions as, the regular premium, under the said policy, except as hereinafter provided,

"Hereby agree to pay to the Beneficiary or Beneficiaries of record under said policy, in addition to the amount payable according to the terms of said policy, the sum of FIVE THOUSAND dollars, upon receipt, at the Home Office of the Company in the City of New York, of due proof of the death of the insured, as the result, directly and independently of all other causes, of bodily injuries sustained through external, violent and accidental means, provided: . . .

"(5) That death shall not have been the result of self-destruction, whether sane or insane, or caused by or contributed to, directly or indirectly, or wholly or partially, by disease, or by bodily or mental infirmity. . . ."

It does not appear that the exact question involved herein has ever been presented to this court. In the case of Penn Mutual Life Insurance Co. v. Spaulding, 50 Okla. 307, 150 P. 494, it was held in an action upon a life insurance policy for the death indemnity, without other additional benefits, where the defense was the suicide of the insured, the burden of establishing self-destruction by a preponderance of the evidence was upon the insurer. That case has been approved and followed in the following cases: Modern Brotherhood of America v. White, 66 Okla. 241,

168 P. 794; Metropolitan Life Ins. Co. v. Plunkett, 109 Okla. 148, 234 P. 722; Oklahoma Aid Ass'n v. Thomas, 125 Okla. 190, 256 P. 719; Kansas City Life Ins. Co. v. Pearson, 173 Okla. 259, 46 P. 2d 449; Great Southern Life Ins. Co. v. Monroe, 179 Okla. 526, 66 P. 2d 507; Metropolitan Life Ins. Co. v. Keith, 187 Okla. 684, 105 P. 2d 528. We here point out that in each of the above-cited cases it was sought to recover the indemnity provided by the ordinary life provisions of the policy and the peril covered by said provisions is "the death of the insured"; whereas, the peril covered by the double indemnity feature is as follows:

"Death of the insured as a result directly and independently of all other causes of bodily injury sustained through external, violent, and accidental means, provided . . . that death shall not have been the result of self-destruction."

In the case of Federal Life Ins. Co. v. Firestone, 159 Okla. 228, 15 P. 2d 141, it was sought to recover the indemnity provided under a limited accident insurance policy providing that the insurer would pay for injuries or death "resulting directly and independently of all other causes from bodily injuries sustained through external, violent and accidental means." It appears that the insured was injured on July 14, 1927, in an automobile accident and that he died on July 26, 1927. The insurer defended on the ground that the proximate cause of the death was the excessive use of alcoholic liquors. The court instructed the jury that "the burden of proof was upon the defendant to establish that death or injury resulted from alcoholic poisoning or from one of the excepted causes enumerated in the policy or that . . . deceased died from any other cause than that of accidental death." With reference to giving of said instruction, this court said:

"The contract in question is not a contract of indemnity against death or injuries effected by all accidental means, with an exception that the insurer will not be liable if the death or injuries are caused or contributed to by disease, etc.;

but provides that the insurer will pay for certain injuries or death 'resulting directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means, . . .' sustained under certain specified accidents, naming them, and specifically provides that it does not cover death or loss caused by any other means or conditions than those set out therein.

"We are of the opinion that, under the terms of the contract in question, the court erred in the giving of this instruction, as the burden was on the plaintiff below, assuming that the accident was covered by the policy, to further establish the fact that the injuries received in the accident were the cause of death, directly, and independently of all other causes. If the insured had alcoholic poisoning and this contributed to his death, and that death would not have occurred by reason of the injuries received in the accident except for the contributing cause of alcoholic poisoning, then the plaintiff in error, defendant below, was not liable under the terms of the policy in question."

In the case of Great Northern Ins. Co. v. Farmers' Union Co-operative Gin Co., 181 Okla. 370, 73 P. 2d 1155, there was involved a policy limiting indemnity for loss "resulting solely from bodily injury effected directly and independently of all other causes through accidental means." A judgment authorizing recovery under said policy was reversed on the ground that the evidence disclosed that the disability was the concurrent result of accident and pre-existing disease.

In the case of Reed v. Home State Life Ins. Co., 186 Okla. 226, 97 P. 2d 53, this court declared the general principles applicable to the present controversy. In that case recovery was sought under the double indemnity provision of a policy of life insurance which expressly provided that the double indemnity benefit should not be payable if the insured's death resulted while engaged in aeronautical operations. The insured was killed in a commercial airplane accident while engaged as a copilot. It was held that the insurer was not liable for the double indemnity benefits. Some

of the reasoning on which the decision was predicated is as follows:

"We agree, however, that the double indemnity provision constitutes a policy of life insurance within the meaning of . . . section 10524 (36 Okla. St. Ann. § 218). See Aetna Life Ins. Co. v. Braukman (10th Cir.) 70 F. 2d 647. In fact, it is a special type of life policy contained within or attached to an ordinary life policy, both, of course, constituting one insurance contract; a single contract embodying two separate and distinct subjects. The one obligates the insurer to pay for the death of the insured resulting from any cause, with certain exceptions relating to amount where death occurs from a particular kind of accident suffered within the first two years; the other obligates the insurer to pay, in lieu of all other benefits named in the contract, a certain sum if insured's death resulted from accidental means only. The contracting parties have full legal right to agree upon what accidents shall be covered by the contract and the kind that shall be excluded. There is no statute to the contrary. The question is, Was the particular accident which caused the death included in the contract or was it excluded? A separate consideration was paid for this protection in this case, and that consideration constituted a very minor portion of the premiums. The insurer is bound only to the extent of the hazards supported by this consideration. . . .

"An insurance contract is subject to the same rules of legal interpretation as other written contracts. It is true that they may to a greater degree be amenable to the demands of public policy and therefore be subject to broader legislative regulation. But the parties thereto, as in other contracts, are bound by the plain terms thereof, unless the same violates some rule of public policy or infringes a statute, and, as in other cases, all doubt arising from ambiguities and conflicting provisions is resolved against the one who prepared the contract. . . .

". . . The meaning of an insurance contract is no more subject to judicial change than any other contract. Nor do the statutes purport to convert an exclusion of risk into a mere condition.

"In legal effect the present contract provides that the insurer will pay $1,000

upon the death of insured, and, in lieu thereof, will pay $2,000 if death results from accident, but will not pay the latter sum if the fatal accident occurred as a result of the insured engaging in aeronautics. That is the sum and substance of the contract so far as this case is concerned. The insured did not violate a condition of the policy by engaging in aeronautics; that risk was not covered."

A fair analysis of the various expressions of this court upon the subject leads to the inevitable conclusion that the rights of the parties to an insurance contract are determinable solely by the provisions of the contract, assuming that the particular provisions involved do not violate public policy, or infringe a statute, and that the burden rests upon one who seeks to recover the benefits provided by such contract of indemnity to establish a right of recovery within the legal and proper conditions named in the policy.

It appears that the question presented herein has been before the courts of numerous jurisdictions. The case of Dimmer v. Mutual Life Ins. Co. of New York, 287 Mich. 168, 283 N. W. 16, is a typical case. Therein it was said:

"In a case where suit is brought to recover a death indemnity under ordinary life insurance policy, without additional benefits in case of death by accident, plaintiff makes a prima facie case upon a showing of death. Suicide is an affirmative defense and the burden of proving such is on defendant. Ferris v. Court of Honor, 152 Mich. 322, 116 N. W. 448; Shiovitz v. New York Life Ins. Co., 281 Mich. 382, 275 N. W. 181; Stuckum v. Metropolitan Life Ins. Co., 283 Mich. 297, 277 N. W. 891.

"However, when the action is brought upon an accident policy or upon the double indemnity provision of a life policy, it is incumbent upon plaintiff to show that death occurred through accidental means. The burden of proving accidental death and the consequent negativing of suicide is on plaintiff. New York Life Ins. Co. v. Gamer, supra; Watkins v. Prudential Ins. Co., 315 Pa. 497, 173 A. 644, 95 A.L.R. 869; Nichols v. New York Life Ins. Co., 88 Mont. 132, 292 P. 253; Protective Life Ins. Co. v. Swink, 222 Ala. 496, 132 So. 728; Jeffer-

son Standard Life Ins. Co. v. Jefcoats, 164 Miss. 659, 143 So. 842; Provident Life & Accident Ins. Co. v. Prieto, 169 Tenn. 124, 83 S. W. 2d 251; Landau v. Pacific Mut. Life Ins. Co., 305 Mo. 542, 267 S. W. 370; Kresse v. Metropolitan Life Ins. Co., 111 N.J.L. 474, 168 Atl. 634; Martorella v. Prudential Ins. Co., 238 App. Div. 532, 264 N.Y.S. 751; Travelers Ins. Co. v. Wilkes, 5 Cir., 76 F. 2d 701, certiorari denied; Hirsig v. Travelers Ins. Co., 296 U. S. 604, 56 S. Ct. 120, 80 L. Ed. 428; Jefferson Standard Life Ins. Co. v. Clemmer, 4 Cir., 79 F. 2d 724, 103 A.L.R. 171. In New York Life Ins. Co. v. Gamer, supra, 58 S. Ct. 503, the court said: 'Under the contract in the case now before us, double indemnity is payable only on proof of death by accident as there defined. The burden was on plaintiff to allege and by a preponderance of the evidence to prove that fact. The complaint alleged accident and negatived self-destruction. The answer denied accident and alleged suicide. Plaintiff's negation of self-destruction taken with defendant's allegation of suicide served to narrow the possible field of controversy. Only the issue of accidental death vel non remained. The question of fact to be tried was precisely the same as if plaintiff merely alleged accidental death and defendant interposed denial without more.'"

In the case of Jefferson Standard Life Ins. Co. v. Clemmer, 79 F. 2d 724, 103 A.L.R. 171, it is said:

"The differences that have arisen as to which party bears the burden of persuasion in insurance cases, when the defense is based on suicide, have been caused in part by a failure to distinguish between cases in which the plaintiff sues on an accident insurance policy or the double indemnity clause of a life insurance policy, and cases in which the insurer in a life policy raises the defense of suicide. If death from any cause except suicide is insured against, the burden is on the company to prove the exception; but if death from one specific cause, such as accident, is insured against, the burden is on the policyholder to show that the condition precedent to liability has taken place. Home Benefit Ass'n v. Sargent, 142 U. S. 691, 12 S. Ct. 332, 35 L. Ed. 1160; Parrish v. Order of United Commercial Travelers (C.C.A.) 232 F. 425; Travelers Ins. Co. v. Wilkes (C.C.A.) 76 F. 2d 701; Wig-

more on Evidence, par. 2510 (b) (c). Compare cases in note 4. The incidence of the burden of persuasion in these cases is governed by the general principles relating to the subject unaffected by the presumption against suicide."

In the case of McKenzie v. New York Life Ins. Co., 153 Kan. 439, 112 P. 2d 86, it was held:

"In an action on a life insurance policy to recover the double indemnity therein provided in case of accidental death, the burden of proof is upon the plaintiff to show that death resulted from injury due to an accident within the meaning of the provision contained in the policy."

In the case of New York Life Ins. Co. v. Greber, 55 Ariz. 261, 100 P. 2d 987, it was held:

"To recover double indemnity under life insurance policy for insured's accidental death, beneficiary must establish affirmatively by reasonable preponderance of evidence that insured's death resulted from specific cause stated in double indemnity clause."

In the case of Carter v. Aetna Life Ins. Co. (Ind.) 27 N. E. 2d 75, it is held:

"In action on double indemnity provision of life policy, burden was on plaintiff to establish by preponderance of evidence that accidental injury was proximate cause of death."

In the case of New York Life Ins. Co. v. Ittner, 62 Ga. App. 31, 8 S. E. 2d 582, it is held:

"Where insurer denied liability under double indemnity provisions of life policy, burden was upon beneficiary to establish that the death of insured was the result of external, violent, and accidental causes."

See, also, Heffron v. Prudential Ins. Co. of America (Pa.) 19 Atl. 2d 556; Real Estate Trust Co. of Philadelphia v. Metropolitan Life Ins. Co. (Pa.) 17 Atl. 2d 416; Jefferson Standard Life Ins. Co. v. Bentley, 55 Ga. App. 272, 190 S. E. 50; Peppers v. Sovereign Camp, W. O.W., 53 Ga. App. 851, 187 S. E. 215; Schneider v. Metropolitan Life Ins. Co., 62 Ga. App. 148, 7 S. E. 2d 772; Merrett v. Preferred Masonic Mut. Acc. Ass'n of America, 98 Mich. 338, 57 N. W. 169; Whitlatch v. Fidelity & Casualty Co. of N. Y., 149 N. Y. 45, 43 N. E. 405; Farmers' Loan & Tr. Co. v. Siefke, 144 N. Y. 354, 39 N. E. 358; Johns v. Northwestern Mut. Relief Ass'n, 90 Wis. 332, 63 N. W. 276, 277; 41 L.R.A. 587; Hill v. Central Acc. Ins. Co., 209 Pa. 632, 59 A. 262; Katherene Wirthlin v. Mutual Life Ins. Co., 56 F. 2d 137, 86 A.L.R. 138; Missouri State Life Ins. Co. v. West, 67 F. 2d 468; Pilot Life Ins. Co. v. Wise, 61 F. 2d 81; Scales v. Prudential Ins. Co. of America (C.C.A. 5th) 109 F. 2d 119; 29 Am. Jur., Insurance, 1443, and authorities cited in note; Couch, Cyclopedia of Insurance Law, vol. 8, § 2231, and authorities cited in note and supplement.

We have demonstrated that by the overwhelming weight of authority the trial court erred in placing the burden of proof upon defendant to prove the defense of suicide, and for this reason the cause must be reversed. Inasmuch as a new trial must be had, it would be improper for us to comment upon the evidence.

Having taken this view of the matter, it becomes unnecessary to consider the other assignments of error.

The judgment of the trial court is reversed and the cause remanded, with directions to grant a new trial.

RILEY, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent. CORN, V. C. J., dissents.