**COMMONWEALTH LIFE INS. CO. v.
BROWN.**

**No. 35687.**

Supreme Court of Oklahoma.

July 7, 1953.

Harry L. Dyer, Wm. K. Powers and Deryl Lee Gotcher, Tulsa, for plaintiff in error.

Donald D. Cameron, Tulsa, for defendant in error.

ARNOLD, Justice.

This is an action brought by Mamie Brown against Commonwealth Life Insurance Company to recover death benefits under a group accident insurance policy issued by the insurance company to the City of Tulsa covering its employees.

Plaintiff in her petition in substance alleges: On July 1, 1949, defendant issued to the City of Tulsa a group accident insurance policy indemnifying its employees while engaged in the scope of their employment with the City of Tulsa and indemnified the beneficiaries under the policy in the amount therein designated when death results from accidental means while the employee is engaged within the scope of his employment; that the policy indemnified the beneficiary designated in the insurance certificate in the sum of $1,000 upon the death of the employee; that on the 9th day of August, 1950, George N. Brown, plaintiff's husband sustained an accident causing an injury to his head while in the employ of the park department and while engaged within the scope of his employment; that such injury caused a cerebral hemorrhage and blood clot to his brain and resulted in his death on the 19th day of August, 1950.

Defendant's answer consists of a verified general denial.

The copy of the insurance policy introduced in evidence as to coverage provides:

"Commonwealth Life Insurance Company, Tulsa 3, Oklahoma

"A Legal Reserve Stock Company (Herein Called the Company)

"Hereby Insures the Employees of

"(Herein Called the Employer-Beneficiary)

"Against loss resulting directly and independently of all other causes, from bodily injuries sustained through purely accidental means while the Injured Employee is actually engaged in the performance of some duty pertaining to his occupation for which he is compensated by a wage paid by his Employer named as Beneficiary in this Policy (Herein called Such Injuries), while this Policy is in force, subject, however, to all the Conditions, Provisions and Benefits contained on this and subsequent pages.

"Part A. Accidental Death. If such injuries shall, independently and ex-

clusively of disease and all other causes, continuously and wholly disable the Insured and result in death within ninety days, the Company will pay the Accidental Death Indemnity specified on the Insured Employee's Certificate."

The case was tried to a jury. At the conclusion of plaintiff's evidence defendant demurred thereto on the ground that the evidence offered by plaintiff wholly failed to prove a cause of action and at the conclusion of all the evidence defendant moved the court to direct a verdict in its favor. The demurrer and motion were overruled. The jury returned a verdict in favor of plaintiff for the sum of $1,000.

Defendant appeals and among other assignments assigns as error the overruling of its demurrer to the evidence and its motion for a directed verdict.

The original policy was not produced or offered in evidence at the trial. Plaintiff during the progress of the trial made demand upon defendant's insurance adjuster to produce the original policy; he stated that he could not produce it because he did not at that time have it in his possession. He did however produce a copy of the policy and it was stipulated and agreed that the copy was a form copy of the policy issued by the insurance company to the City of Tulsa covering its employees. The blanks in the policy however were not filled in. The name of the beneficiary to whom indemnity was made payable in case of death of the insured employee is not stated in the beneficial certificate attached to the policy nor is the amount of indemnity to the beneficiary therein stated.

Defendant asserts that plaintiff's evidence wholly fails to show or prove that she was the beneficiary named or designated in the beneficial certificate nor is there any evidence tending to show the amount of indemnity the beneficiary was entitled to recover in case of death of the insured employee. Nor was there any evidence offered tending to show that the policy was in full force and effect at the time of deceased's death.

While plaintiff offered no direct evidence tending to establish the above stated facts, it is uncontroverted that plaintiff, claiming to be the beneficiary under the policy, made timely proof of loss; that negotiations were had between plaintiff's son as her agent, and agents of the insurance company relative to the adjustment of loss whereby the insurance company in effect recognized plaintiff as the beneficiary and treated the policy as having been in full force and effect.

■ Plaintiff's claim was denied by the insurance company on the ground that no sufficient showing had been made tending to show that the death of plaintiff was caused by accident or that it was caused while he was engaged within the scope of his employment with his employer, City of Tulsa. We think this evidence sufficient from which the jury could have found that plaintiff was the beneficiary under the policy and that it was in full force and effect at the time of the death of deceased. As to the amount of indemnity recoverable plaintiff in her brief states:

"* * * The complete failure of proof as to the amount of the benefits payable under the contract of insurance sued upon, which failure must be, and is, admitted by plaintiff. * * * (Of course, a new trial, limited to the issue of the amount due, would be perfectly acceptable to plaintiff.)"

■ It is further contended by defendant that no competent evidence has been offered by plaintiff tending to show that deceased sustained an accident while he was engaged within the scope of his employment with his employer, City of Tulsa; that the burden was on the plaintiff to prove such fact. We think this contention correct. The burden certainly rested upon the plaintiff in this case, seeking to recover indemnity provided by the contract, to establish that her right to recovery came within the conditions of the policy and in order for her to recover it was essential that she prove deceased came to his death by accident and that the accident occurred while employed by the City of Tulsa and engaged within the scope of his employment. Federal Life Ins. Co. v. Firestone, 159 Okl. 228, 15 P.2d 141; Metropolitan Life Insurance Co. v. Rosier, 189 Okl. 448,

117 P.2d 793; Great Northern Life Ins. Co. of Milwaukee, Wis. v. Farmers' Union Co-Op Co., 181 Okl. 370, 73 P.2d 1155.

It is not contended by defendant that under the evidence admitted by the court it was not sufficient to take the case to the jury. It is contended that certain hearsay evidence was admitted over the objection of defendant and that eliminating this hearsay evidence it would not have been sufficient to support a verdict in favor of plaintiff. The admission of this evidence is also assigned as error.

The record discloses that on or about the 9th day of August, 1950, deceased sustained an injury to his head. There was a large cut and lump on the head. Deceased's son testified on behalf of plaintiff that some time after his father sustained his injury he visited at his home and his father asked him to feel the lump on his head; that he did so and asked his father how it occurred. His father answered that it occurred while he was working on his job for the City of Tulsa. This evidence was admitted over the objection of defendant that it was hearsay and not part of the res gestae. The witness testified that this conversation occurred about two days before his father went to the hospital. The evidence shows that he did not enter the hospital until about two weeks after he received the injury. The evidence of the witness as to the declaration made by deceased must therefore have been made approximately twelve days after deceased received his injury. Therefore it seems quite clear to us that the evidence of the witness as to the declaration made by deceased was hearsay and not admissible under the res gestae rule. Nor do we think it was admissible under any other exception to the hearsay rule.

■ Before a statement made by one deceased may be considered as a part of res gestae it must have occurred at or near the time of the occurrence of the event, it must have been spontaneously made and must have been provoked by the happenings of the event itself so as to become a part thereof. If made in relating a past occurrence or event it is inadmissible. Chicago, R. I. & P. R. Co. v. Foltz, 54 Okl. 556,

154 P. 519; Schaff v. Coyle, 121 Okl. 228, 249 P. 947; Sears, Roebuck & Co. v. Robinson, 183 Okl. 253, 80 P.2d 938. In Travelers Insurance Co. v. Minton, 181 Okl. 306, 73 P.2d 422, 423, we said:

"'Res gestae' consists of all the things done in relation to, and as a part of, a certain event. A statement is a portion of the event, dependent entirely upon whether it was provoked spontaneously by the event itself. If subsequently narrated, without the characteristic of spontaneity, and calculated merely to inform, such statement is not a part of the res gestae. * * *"

■ The statement and declaration here under consideration does not come within any of the conditions mentioned in the above authorities so as to have made it admissible as part of the res gestae. The evidence objected to should have been sustained. In ruling otherwise the court erred.

Plaintiff however asserts that there were no eyewitnesses to the accident; that there was no other evidence available or could have been produced except the declaration of deceased to prove the facts asserted in her petition and necessary to establish her cause of action and that evidence as to the declaration of deceased was therefore admissible as an exception to the hearsay rule, sometimes referred to as the rule of necessity. In support of this contention 31 C.J.S., Evidence, § 204 is cited:

"While it has been said generally that the rule excluding hearsay applies with full force, although no better evidence is to be found, there is a considerable tendency to apply, under such circumstances, an analogy to the rule, stated infra §§ 822–834, which admits secondary evidence when the best or primary evidence is lost, destroyed, or inaccessible, and to receive hearsay evidence where it is made apparent that more satisfactory evidence of the facts asserted by the declarant is not available. Such a situation arises where the declarant is dead, out of the jurisdiction, or physically unable to testify in court or by deposition, or when, for any

reason satisfactory to the court, he cannot be found or cannot be produced in court, and the situation presents the further element of impossibility of proving the fact in any other way than by his declaration."

The authorities cited in the notes in a limited degree sustain the text. In most of these cases however the rule was invoked in cases in which the intent of the deceased declarant was a material issue in the case and hold that his declarations are admissible in corroboration of other evidence tending to establish his intent. See in this connection In re Creger's Estate, 135 Okl. 77, 274 P. 30, 62 A.L.R. 698. See also, Brooks v. Creger, 135 Okl. 77, 274 P. 30, 62 A.L.R. 690, distinguished in Fawcett v. Mitchell, 170 Okl. 1, 38 P.2d 521.

We have examined many of these cases. In none of them however does the rule contended for seem to go to the extent of permitting self-serving declarations of one since deceased to be admitted as primary or independent evidence for the purpose of establishing material facts necessary to sustain a cause of action or defense. In 31 C. J.S., Evidence, § 205 it is stated:

"The rule, in the absence of statute providing otherwise, is that declarations which are objectionable as hearsay are not rendered competent by the fact that the declarant has died since such declarations were made. * *"

■ We do not think that the rule contended for by plaintiff may properly be invoked in the present case.

■ Plaintiff, however, contends that she offered certain circumstantial evidence sufficient to take the case to the jury as to the time, place and manner in which deceased sustained his injury. The circumstances relied upon are rather indefinite. We cannot however say that the circumstantial evidence offered when considered in connection with the evidence of plaintiff was insufficient to take the case to the jury nor can we say that its verdict would have been the same if the objectionable hearsay evidence had been excluded.

■ Defendant further contends that the court erred in admitting in evidence the death certificate made and filed by the attending physician of deceased with the Tulsa County Superintendent of Public Health as required by 63 O.S.1951 § 28, and specifically complains of the recital therein that deceased's death was caused by a blow received on his head. Defendant however made no objection to the admission of this certificate but on the contrary affirmatively stated that it had no objection to its admission. In these circumstances it may not now complain of its admission.

■ It is also contended by defendant that plaintiff failed to offer medical evidence tending to show that deceased's death was caused by accident. The medical evidence is in conflict as to the cause of his death. The physicians all agree that his immediate death was caused by a cerebral hemorrhage. One physician testified that the blow deceased received upon his head caused the cerebral hemorrhage while another physician testified that the blow received was not of sufficient force to have caused the hemorrhage but that the hemorrhage was due to other causes. The evidence was sufficient to take this issue to the jury.

■ The court in instruction No. 4 told the jury that if it found by a fair preponderance of the evidence that defendant Commonwealth Insurance Company is obligated to pay the death benefits under the terms of its contract with George N. Brown deceased, then its verdict must be for plaintiff Mamie Brown and must be for the sum of $1,000. Defendant excepted to this instruction.

Since, as above pointed out, the type form of policy admitted in evidence did not state the amount of indemnity recoverable by the beneficiary and since she offered no evidence to establish such fact the trial court erred in giving this instruction.

Because of this error and the error of the court in admitting hearsay evidence the judgment is reversed and the cause remanded for a new trial.

HALLEY, C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.

CORN, J., dissents.