**Elias RUIZ, Appellant,**

v.

**MONUMENTAL GENERAL INSURANCE COMPANY, INC., Appellee.**

**No. 76540.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 18, 1992.

Rehearing Denied March 24, 1992.

Certiorari Denied Sept. 10, 1992.

Mike McNulty, Mark T. Koss, Oklahoma City, for appellant.

Mary S. Robertson, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Vice–Chief Judge:

Elias Ruiz (Ruiz) appeals from an order of the trial court granting summary judgment in favor of Appellee (Monumental). The matter below, as well as on appeal, turns on a single question—whether a disability resulting from carpal tunnel syndrome may be defined as an accidental injury under Oklahoma law, as it pertains to an "accident disability income policy".

Ruiz was the insured, and Monumental the insurer, under such an insurance policy. Monumental was to pay Ruiz monthly benefits if he became totally disabled due to injury while the policy was in force. The policy defined "injury" as an:

> ... accidental bodily injury that occurs while this policy is in force.[1]

Ruiz filed his disability claim with Monumental, reflecting carpal tunnel syndrome as the cause of disability. The portion of the claim form requesting the date on which disability commenced was left blank; however, in the "history" portion of the form, Ruiz noted symptoms related to the disability began in November 1988, and the date he ceased work because of the disability was May 19, 1989. Monumental denied the claim, stating in its denial letter benefits were not payable because the "disability was not accident related". Ruiz then filed this action to recover benefits.

Monumental moved for summary judgment. Included in the statement of uncontroverted facts supporting the motion was that Ruiz had filed a claim in Workers' Compensation Court, and that the stated cause of the employment related accident was cumulative trauma, resulting from "repetitive use of hands in removing cold dairy products and stocking stores". Monumental argued the bodily effect of cumulative trauma is not an "accident" as defined under insurance law in Oklahoma. It therefore asserted it was entitled to judgment as a matter of law.

In his response to the motion for summary judgment, Ruiz adopted Monumental's statement of uncontroverted facts, adding only the finding from the Workers' Compensation Court order that "on May 19, 1989 claimant (Ruiz) sustained an accidental personal injury the right hand and left hand". Ruiz contended that in a cumulative trauma injury, there is a "last trauma" which is the disabling factor. Ruiz argued the evidentiary material showed the date of that last trauma to be May 19, 1989, the date he was no longer able to work.

The trial court found, without specific findings, there was no substantial controversy as to any material fact, and entered judgment in favor of Monumental. Ruiz appeals from that judgment.

In reviewing a trial court order granting a motion for summary judgment, we will examine the pleadings and evidence to determine what facts are material to the cause of action, and to further determine whether the evidentiary materials introduced indicate whether there is a substantial controversy as to any material fact. Where no substantial controversy exists, summary judgment is proper. All inferences and conclusions drawn from the facts presented in the evidentiary materials must be viewed in a light most favorable to the party opposing the motion. *Ross v. City of Shawnee*, 683 P.2d 535 (Okla.1984).

■ Certainly, whether Ruiz' condition resulted from an accidental injury is a material fact in this action, where the contractual agreement between the parties conditions disability payments upon such an occurrence. We are not persuaded that question may be answered, as a matter of law, with the record presented to the trial court.

In the absence of a definition of "accidental" or "accident" in the insurance policy, those terms must be construed and

---

1. The policy does not include a definition of "accident" or "accidental". We note Monumental, in its initial denial letter to Ruiz' counsel, nevertheless contends, "The definition of 'accident' *provided in Mr. Ruiz's policy* is the definition with which we must hold". (emphasis added).

considered according to common speech and usage of people generally. *United States Fidelity & Guaranty Co. v. Briscoe*, 205 Okla. 618, 239 P.2d 754 (1952). Monumental cites *Briscoe* for the proposition that an accident is a distinctive event that takes place by some unexpected happening, the date of which can be fixed with certainty. *Briscoe*, 239 P.2d at 757.

Ruiz suggests the less limited definition provided in Black's Law Dictionary, 5th Edition:

... an event which, under the circumstances, is unusual and not expected by the person to whom it happens.

This view was approved in *Stucky v. Long*, 783 P.2d 500 (Okla.App.1989) (interpreting uninsured motorist coverage). The Supreme Court adopted a similar rule in *Willard v. Kelley*, 803 P.2d 1124 (Okla.1990), wherein it stated:

.. the terms "accident" or "accidental" have long been held to describe an occurrence which is unexpected, unintended and unforeseen *in the eyes of the insured.* ... In the context of life and accident insurance this principle is also well established in Oklahoma. (emphasis in original).

Although neither precedent nor controlling in this case, it is equally well established in Workers' Compensation Law that accidental injury need not be attributed to one particular event, but may arise from the cumulative effect of a series of events. *Flint Construction Company v. Downum*, 444 P.2d 200 (Okla.1968).

It is uncontroverted the policy was in effect at all pertinent times. Monumental instead chose to rely upon its argument that a cumulative injury was incapable of determination of a date certain. Assuming, *arguendo*, a date certain, or distinctive event, is a common law requisite of an "accident", we find the evidentiary materials in the record, viewed in the light most favorable to Ruiz, create a substantial controversy as to whether Ruiz suffered an accidental injury on May 19, 1989.

The record reveals Ruiz had been experiencing symptoms of progressive numbness and aching in both hands for a significant period. However, on April 26, 1989, carpal tunnel syndrome still had not been diagnosed, and Ruiz continued to work. Ruiz argues he suffered trauma to his hands on May 19, 1989, after which he was disabled from working. The Workers' Compensation Court determined Ruiz suffered disabling accidental injuries to his hands on May 19, 1989.

Further, the record supports a definitive period in which Ruiz' symptoms progressed to impairment. That period was entirely within the term of coverage. The Workers' Compensation Court determination, while not binding on Monumental, establishes that the condition had been diagnosed with sufficient certainty to persuasively prove cause and effect.

■ Insurance policies are to be liberally construed in favor of the object to be accomplished. *Wiley v. Travelers Insurance Co.*, 534 P.2d 1293 (Okla.1974). Ruiz had paid his premiums with the understanding he would be protected in the event he became disabled through accidental injury. This contractual protection was co-existent and consistent with recovery through the Workers' Compensation Act. *Barfield v. Barfield*, 742 P.2d 1107 (Okla.1987).

■ Additionally, it has long been the law in Oklahoma that insurance contracts prepared by the insurer will be liberally construed as against the insured and strictly construed as against the insurer. *Bankers' Reserve Life Co. v. Rice*, 99 Okla. 184, 226 P. 324 (1924). "Accident" is a crucial condition of Monumental's liability under its policy, yet it chose not to define the term. Monumental must therefore accept the closest scrutiny of its own policy provisions.

■ Finally, in actions for benefits under accident policies, the question whether an injury or death results from an "accident", and the related questions as to time, place and manner in which the insured sustained his injury, are normally for the jury. *Commonwealth Life Insurance Co. v. Brown*, 259 P.2d 308 (Okla.1953). Only where there is no substantial controversy as to a

material fact may the court decide the case as a matter of law.

Under the record presented to it, the trial court erred in determining, as a matter of law, that Ruiz' disability did not result from an accidental bodily injury. Accordingly, the trial court's order granting summary judgment in favor of Monumental is REVERSED, and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

HUNTER, J., concurs.

JONES, Judge, concurring in result:

Consideration of Workers' Compensation Law has nothing to do with this case.