## FEDERAL LIFE INS. CO. v. FIRESTONE.

No. 20635. Opinion Filed Oct. 11, 1932.

Suddath & Finch, Hughes & Ellinghausen, and J. F. Kutak, for plaintiff in error.

Wallace & Wallace and Wayne H. Lasater, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Creek county by defendant in error, J. D. Firestone, against plaintiff in error, Federal Life Insurance Company, a corporation, on an accident insurance policy. The verdict of the jury was in favor of plaintiff below. Motion for new trial was overruled, exceptions saved, notice of appeal given, and the defendant below brings the cause here for review. The parties will be designated as they appeared in the trial court.

The plaintiff's petition alleged, in substance, that on the 16th day of April, 1927, defendant entered into a contract with one Jack Gordon Firestone which insured him against loss of life by accident, and such insurance being made in favor of plaintiff, J. D. Firestone, a brother of the insured. That on the 14th day of July, 1927, while said insurance was in full force and effect, the insured was operating a motor vehicle which was accidentally overturned, thereby injuring insured, and from said injuries the insured on the 26th day of July, 1927, died; that the external, violent, and accidental injuries caused by the overturning of said automobile were the proximate cause of the death of the insured, and that same was without any fault or negligence of deceased. That plaintiff, the beneficiary, within the time provided in the policy, notified in writing the defendant and demanded payment of $2,000 under the terms of the policy, which was refused. Attached a copy of the policy as exhibit to the petition. Prayed for the said sum of $2,000 interest and cost.

The answer of defendant was a general denial, and specially denied that it owed plaintiff or anyone else anything for the death of said J. G. Firestone, for the reason the contract sued upon, among other things, provides:

"Against death or disability resulting directly and independently of all other causes from bodily injuries, sustained through external, violent and accidental means."

"Averred that the insured did not die from bodily injuries sustained through external, violent, and accidental means, directly and independently of all other causes."

That the insured, after he received some bruises and minor injuries in the wrecking of the truck which he was driving on the 14th day of July, 1927, came to Tulsa, which is 100 miles away from the place he was injured, and imbibed heavily in alcohol or intoxicating liquors and from the time he was injured until he died he remained drunk, and wholly neglected to have his injuries treated by a physician or surgeon until about the 25th day of July, 1927, when he became partially unconscious, and then the attendants at the hotel where he was staying sent for a doctor. That he never rallied, but grew worse until he died the 26th day of July, 1927. That the proximate cause of his death was the excessive use of alcoholic liquors.

Plaintiff filed reply by way of denial of the affirmative matter set out in the answer. Alleged that the insured died from injuries sustained by reason of the overturning of the automobile; and specifically denied that the insured died from alcoholic poisoning.

At the close of plaintiff's evidence the defendant demurred thereto, which was overruled, to which defendant excepted, and thereupon defendant produced its evidence.

At the close of all the evidence in the case, defendant requested the court to instruct the jury to return a verdict in favor of defendant, which was refused, to which defendant excepted.

The insurance contract under consideration provided as follows:

"In consideration of the payment of the premium of one dollar ($1.00) the Federal Life Insurance Company hereby does insure Jack Gordon Firestone against death or disability resulting directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means (subject to all limitations and conditions herein contained), for

a term of twelve (12) months beginning at noon, standard time of the day this policy is dated and at the place of residence of the insured.

"If the insured shall suffer any of the specific losses set forth in parts I, II, III, or IV, the company will pay the sum set opposite such loss if the injury causing such loss is sustained in the manner described in said parts. * * *"

Part I set out the amounts of losses payable when sustained by wrecking or disablement of a railroad passenger car or street, elevated or underground railway car, passenger steamship or steamboat.

Part 2 set out the amount for losses payab'e when sustained by the wrecking or disablement of any public omnibus, taxicab, or automobile stage plying for public hire which is being driven or operated at the time of such wrecking by a licensed driver.

Part 3 provided:

"The Company will pay for loss of

Life _____$2,000.00
* * *

"Sustained by the wrecking or disablement of any vehicle or car operated by any private carrier or private person in which the insured is riding or by being accidentally thrown therefrom. * * *"

Part 4 set out the amounts for losses payable when sustained by being struck or run over while in or upon a public highway by any public or private vehicle; by being struck by lightning; by cyclone or tornado; by collapsing of the outer walls of a building; by drowning; * * * by the burning of a public building in which the insured shall be at the beginning of the fire.

Under the general provisions of the policy the contract provides:

"This insurance does not cover:

"(A) Suicide or attempt thereat while sane or insane.

"(B) Death or loss while riding or driving in races or while testing any automobile on tracks or speedways.

"(C) Death or loss while in or on any vehicle or mechanical device for aerial navigation, or in falling therefrom or therewith or while operating or handling any such vehicle or device.

"(D) Death or loss while in, on, or operating or handling any submarine.

"(E) Death or loss while outside the territorial limits of the continental United States of America and the Dominion of Canada.

"(F) Death or loss caused by any other means or conditions than those set forth in parts I, II, III, or IV. * * *"

Plaintiff in error's specification of error No. 1 reads as follows:

"The undisputed evidence discloses, both on cross-examination of plaintiff's witnesses in his case in chief and by the undisputed evidence on the part of the defendant, that the death of the insured was caused by alcoholic poisoning contributed to by the injuries, viewing the testimony in the most favorable light for the plaintiff; and the court erred in refusing to sustain a demurrer to plaintiff's evidence, and failing that, erred in refusing to peremptorily instruct the jury to return a verdict for the defendant."

The plaintiff in error admits that the insured received some bruises and abrasions about his head and body in an automobile accident about July 14, 1927, and that he came to his hotel, where he stayed until July 26, 1927, when he died. And further stated at the beginning of the trial that if deceased died solely and alone from external accidental injuries in accordance with the policy, that plaintiff below would be entitled to $2,000—that is the only question involved—the question as to what caused his death.

The evidence disclosed that deceased, the insured, was bruised about his arm, left leg, and hip. Had a cut over the right eye and complained of the back of his head. That there were bruises on the insured's back and side and one or two on the back of his head.

The evidence further disclosed that the insured would not have a doctor; did not believe in doctors. Was a Christian Scientist.

Dr. Peacock was called by the assistant manager of the hotel the day before insured died, who made an examination of the insured and testified for plaintiff below that he found bruises on the insured's side and back and one or two on the back of his head, about like you usually find when a fellow falls over. That insured talked incoherently, and was in a stupor. On cross-examination he testified that the stupor that insured was in, from his diagnosis, was caused by alcoholic poisoning, and in his opinion the cause of death was alcoholic poisoning, contributed to by the injury.

Dr. Schwab, who testified for plaintiff below, testified that he had heard the testimony of Dr. Peacock relative to the injures sustained by the insured, and in his opinion, from the description of the injuries sustained by the deceased, that the injuries were sufficient to cause a contusion

or hemorrhage of the brain; and that under these conditions the patient apparently gets along very nicely for a couple of weeks, ten days to a couple of weeks, and develops a condition that causes him to sink rapidly from this pressure, these small pressures producing the inflammation.

Dr. Peacock, called as a witness for the defendant below, testified that he believed the alcohol was the secondary cause of death; and in answer to the question:

"Q. Did he apparently have any internal injuries? A. Not that I could discover; of course, I didn't thoroughly examine him for that."

Without quoting further from the record, there was considerable expert medical evidence introduced; also evidence as to the insured coming to the hotel after his injury, registering, having the appearance of having been drinking, and of remaining in his room except on one occasion when he went out and came back the same night; and on several occasions calling for ice water, and the further fact as to empty bottles being found in his room, etc.

A demurrer to the evidence, or motion for directed verdict, admits all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions that may reasonably and logically be drawn therefrom, and we are of the opinion that the court did not err in overruling the demurrer to plaintiff's evidence, and in refusing to peremptorily instruct the jury to return a verdict for the defendant.

Specification of error No. 2 reads as follows:

"The court erred in giving as a part of its charge to the jury that portion of instruction No. 1, as follows:

" 'The burden of proof is upon the defendant to establish the fact that the death or injury resulted from alcoholic poisoning or from one of the excepted clauses enumerated in said policy of insurance, or that said deceased died from any other cause than that of accidental death as is contended by the plaintiff.' "

To the giving of which instruction plaintiff in error, defendant below, objected and excepted as follows:

"The defendant excepts and objects to the giving of instruction No. 1, because it tells the jury that the burden is on the defendant to show 'that said deceased died from any other cause than that of accidental death.' The burden was on the plaintiff to show that he died solely because of external, violent, and accidental injuries."

The contract in question is not a contract of indemnity against death or injuries effected by all accidental means, with an exception that the insurer will not be liable if the death or injuries are caused or contributed to by disease, etc.; but provides that the insurer will pay for certain injuries or death "resulting directly and independently of all other causes, from bodily injuries sustained through external, violent and accidental means, * * *" sustained under certain specified accidents, naming them, and specifically provides that it does not cover death or loss caused by any other means or conditions than those set out therein.

We are of the opinion that, under the terms of the contract in question, the court erred in the giving of this instruction, as the burden was on the plaintiff below, assuming that the accident was covered by the policy, to further establish the fact that the injuries received in the accident were the cause of death, directly, and independently of all other causes. If the insured had alcoholic poisoning and this contributed to his death, and that death would not have occurred by reason of the injuries received in the accident except for the contributing cause of alcoholic poisoning, then the plaintiff in error, defendant below, was not liable under the terms of the policy in question.

Specification of error No. 3 reads as follows:

"The court erred in giving as part of its charge to the jury instruction No. 3, as follows:

" 'You are instructed that should you find from the evidence in this case that the deceased had been under the influence of intoxicating liquor and was in an intoxicated condition from the time of the accident in question until his death, that fact alone would not defeat the plaintiff's right of recovery in this action, if you further find that the accident and the injury resulting therefrom was the proximate cause of his death, and that his death resulted from no other cause.' "

To the giving of which instruction defendant below objected and excepted as follows:

"The defendant excepts to instruction No. 3, because same is incorrect and highly prejudicial to the defendant, in that the court told the jury that they must find for the plaintiff if the injuries were the proximate cause of the insured's death and that his death resulted from no other cause."

The proper charge should have been:

"And that his death was not contributed to by any other cause, for if his death was

in any way contributed to by the alcoholic poisoning or if his death was the concurrent result of the injuries and alcoholic poisoning, then the plaintiff could not recover."

We are of the opinion that the court erred in the giving of this instruction, for the reason that the rule of proximate cause as applied ordinarily in negligence cases does not apply in construing liability under the policy in question. The question presented under the policy was whether the injuries caused the death of the insured directly and independently of all other causes.

The plaintiff in error, defendant below, directed the attention of the trial court specifically to the errors in the instructions by objection and exceptions thereto, and by requested instructions, which were refused by the trial court, which substantially stated the law covering the contract under consideration; which requested instructions of defendant below, as set out in specifications of error Nos. 4 and 5, read as follows:

Special Request No. 1-A:

"If you believe from the evidence that the death of the insured resulted from the accident set out in the plaintiff's petition and shown in the evidence, and further believe that the excessive use of alcohol, at the time of or a short time before death of, the insured, in any way contributed to his death, the law is for the defendant and you will so find."

Special Request No. 2-A:

"Even if you should find from the preponderance of the evidence that the injuries received in the car wreck was the approximate cause of the insured's death, but that the excessive use of alcoholic liquors contributed to his death and that he would not have died had he not used alcoholic liquors after he was injured and before his death, then the plaintiff cannot recover for the death must have resulted independently of all other causes from external accidental means, and you must so find before the plaintiff can recover."

The trial court's refusal to give special requested instruction No. 2-A, which substantially stated the law under the construction of the contract in question, and the giving of the instructions Nos. 1 and 3, as objected to by defendant, were reversible error, which was not cured by other instructions given by the trial court.

Specification of error No. 6 reads as follows:

"The court erred in admitting in evidence the purported photograph of the wrecked car, for the reason that the same was not properly identified."

This contention is without merit, for the reason that the photograph was identified by the party taking the photograph, and was identified as a photograph of the car that the insured drove and used in his business, and which the witness saw after the wreck, and taking into consideration the admission of the plaintiff in error, defendant below, that the insured had received bruises and injuries in the wrecking of the car which he was driving, and the testimony of the doctor who examined him that the insured advised him that he had an automobile accident. No objection was made as to the introduction of the photograph on the ground that it was not shown that the car was in the same condition at the time the photograph was taken as it was just after the wreck.

Specification of error No. 7 is with reference to a certain conversation that plaintiff had with a purported agent of the defendant. The plaintiff in error did not set out in its brief the particular evidence together with the objections and exceptions, except to refer to certain pages of the record. An examination of the record fails to disclose prejudicial error of the trial court in the admissibility of said evidence.

Specification of error No. 8 is with reference to alleged improper argument of counsel for the plaintiff below to the jury in his closing argument. The only record with reference to this assignment of error is what is contained in the motion for new trial and affidavit attached thereto, and counter affidavit, which is insufficient to present this assignment of error to this court.

In the case of Rosenfield v. Nelson, 102 Okla. 81, 226 P. 1032, in the fifth paragraph of the syllabus this court said:

"Alleged misconduct of the attorney for the prevailing party in making his argument to the jury will not be reviewed by this court, where such statements are not incorporated in the case-made by bill of exceptions or otherwise, except by affidavits filed in connection with motion for new trial."

For the reasons heretofore given, the judgment of the trial court is reversed, with directions to grant a new trial.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY and HEFNER, JJ., absent.

Note.—See under (1) 26 R. C. L. 1062; R. C. L. Perm. Supp. p. 5835; R. C. L. Pocket Part, title "Trial," § 70. (5) 2 R. C. L. 139.