### GREAT NORTHERN LIFE INS. CO. v. FARMERS' UNION CO-OPERATIVE GIN CO.

No. 27256.    Nov. 9, 1937.

Rehearing Denied Dec. 7, 1937.

Keaton, Wells, Johnston & Barnes and Fred B. Cornels, for plaintiff in error.

H. C. Ivester, for defendant in error.

PHELPS, J. An employee of the plaintiff company was the insured in an "Employers' Special Accident Policy," and the plaintiff company was the beneficiary. The defendant insurance company was the insurer. The plaintiff company recovered a verdict and judgment against the defendant, under the disability provisions in the policy, and the latter appeals. The question in the case is whether there is any evidence reasonably tending to prove that the disability for the period covered by the judgment resulted solely from bodily injuries effected, directly or independently of all other causes, through accidental means.

Beginning with the contract itself: It is limited to indemnity for "loss resulting **solely** from bodily injuries effected, **directly and independently of all other causes,** through **accidental means,** * * * as specified in the following schedules, subject, however, to all the provisions and limitations hereinafter contained." There is a further provision expressly stating that the insurance shall not cover disability caused directly or indirectly, wholly or partly, by bacterial infections except pyogenic infections occurring with or through a cut or wound effected by accidental means, or by any other kind of disease.

The insured, a large strong man who was described by one of the medical witnesses as a physical wonder, was working in a cotton gin. His left hand became caught in a saw. The tendons to the fingers on that hand were cut, and there was some hearsay testimony to the effect that he suffered a wrench to the right arm or shoulder in extricating himself. There was no evidence that the wrench caused the later disability hereinafter considered. By six weeks the wound to the left hand had entirely healed, though some improvement in its general condition could be expected thereafter, but at that time pre-existing syphilis became aggravated, resulting in total disability, and the judgment was based on that disability.

The accident left the fingers of the left hand stiff, so that in the opinion of insured's physician, who testified for plaintiff, a total disability ensued **in that hand.** No evidence was offered as to whether this would have permanently prevented the insured from performing any substantial portion of the work connected with his occupation, thus resulting, in legal contemplation, in total disability (Metropolitan Life Ins. Co. v. Richter, 173 Okla. 489, 49 P. [2d] 94). Whether proof of total disability to one hand, standing alone and unaided by any other evidence at all, is sufficient in itself to warrant the jury in finding general total disability, we need not and do not decide, and this is for two reasons: (1) The insurance company paid the disability payments from date of the accident to a time past the date when thereafter the insured did become actually disabled from pre-existing syphilis; and (2) we must look at the disability for the period now in suit, or, rather, its causes, from the viewpoint of what the uncontradicted evidence indicated those causes to be, rather than base our judgment on the erroneous assumption that there was a single cause (the injury), which may have been sufficient to cause total disability without the other or concurring cause. Stated differently, the question is not what could or might or even would have caused a like disability, it is what did cause the actual disability in suit.

There is no conflict in the evidence on that question. For years the insured had been afflicted with syphilis and was in an advanced stage of that disease, though it had not disabled him from working. One physician testified, and it was not denied, that the hand could have been aided by additional treatment, but the general condition of the man, brought on by the syphilis, made it inadvisable. Before such additional treatment was advisable lesions of the brain or spinal cord developed, the muscles of both arms and both legs became spastic, paralysis set in, an arm started atrophying, and thereafter he lived about two years and died.

Viewing the whole of the evidence, but one inference is permissible, and that is that the syphilis contributed to the disability caused by the injury and the injury contributed to and made active the potential disability lurking in the syphilis. Such was the testimony of all the physicians. The injury and the disease intermingled to cause the disability, and even the plaintiff's doctor so testified. The testimony of the defendant's physicians to that effect, and that the general spastic paralysis was the result of lesions in the neurosyphilitic brain, involving the primary as dis-

tinguished from the secondary nervous system, and that this could not have been caused directly by the injury, was uncontradicted. Though the injury aggravated the pre-existing disease, the condition present when the injury was received also made the effects of the injury itself worse, and, as one physician testified, the diseased condition made it inadvisable to render further treatments to the hand, which treatments ordinarily would have improved it. Those being the facts of the case, we cannot affirm this judgment.

This is not an action under the Workmen's Compensation Law. There the rule is otherwise. Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942, and cases cited at page 119 of 173 Okla., page 947 of 46 P. (2d). But where, as in this case, the action is simply on an accident policy by the beneficiary, wherein the risk is limited to disabilities resulting solely from accidental means, directly and independently of all other causes, and excluding disabilities caused directly or indirectly, wholly or partly, from disease, the contract is the measure of the liability. Such a provision is binding. We so held in Federal Life Ins. Co. v. Firestone, 159 Okla. 228, 15 P. (2d) 141, in which the policy had the "directly and independently of all other causes" provision, as in this case; the 2d syllabus of which decision is:

"In action on limited accident policy, plaintiff has burden to prove that accident was covered by policy, and that accidental injuries caused death, directly and independently of other causes."

In that case the insured received injuries to the body and head in an automobile accident which one medical witness described as being sufficient in themselves to cause contusion or hemorrhage of the brain resulting sometimes in death within two weeks after the injury. Either on the day of the injury or shortly thereafter, the insured began partaking heavily of alcoholics, and died 12 days after the accident. The physicians testified that death was attributable both to the injury and to the alcoholics, but the defendant's physician testified that the alcoholics were the secondary cause of death, while in the instant case the evidence is that the syphilis was the primary cause of the disability. This court reversed plaintiff's judgment, stating that the only question involved was what caused the death, and that a certain criticised instruction should have been (loc. cit. 231-232, 15 P. (2d) 144) that:

"* * * If his death was in any way contributed to by the alcoholic poisoning or if his death was the concurrent result of the injuries and alcoholic poisoning, then the plaintiff could not recover."

We further held in that decision that under a limited accident policy such as this one, the ordinary rule of proximate cause is inapplicable. Inasmuch as all witnesses agreed that the disability in the instant case was the concurrent result of the injury and the disease, 'and in substance that each made the effect of the other worse, that decision is conclusive of this case.

The decision in the Firestone Case, supra, is in line with the general rule on this subject. That rule is stated in this manner by Cooley's Briefs on Insurance (2d Ed.) vol. 6, page 5352:

"If the policy limits the liability to disability or death resulting solely from accidental injury 'independently of all other causes,' there can be no recovery for the death of insured resulting from the concurring effect of an injury and pre-existing disease."

See, also, the many decisions cited in Kerns v. Aetna Life Ins. Co., 291 Fed. 289; Aetna Life Ins. Co. v. Bethel, 140 Ky. 609, 131 S. W. 523; Ward v. Aetna Life Ins. Co., 82 Neb. 499, 118 N. W. 70; Hesse v. Travelers Ins. Co., 299 Pa. 125, 149 Atl. 96; Western Indemnity Co. v. Mackenchnie (Tex. Civ. App.) 185 S. W. 615; Korff v. Travelers Ins. Co., 83 Fed. (2d) 45.

The defendant preserved its right of review by demurring to the plaintiff's evidence and moving for a directed verdict at the conclusion of all the evidence, and excepting to the rulings of the court thereon. In Mid-Continent Life Ins. Co. v. Walker, 128 Okla. 75, 260 P. 1109, we said:

"Where the conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained, and this court will reverse 'any judgment based thereon, and will remand for a new trial."—citing cases.

Ordinarily, an error of law occurring at the trial, such as the admission of harmful incompetent evidence, the giving of harmful erroneous instructions, and other harmful errors in general, call for the granting of a new trial. Similarly, where there is a mere insufficiency of evidence to sustain the verdict in a law action, as in the case just quoted, a new trial should be granted. But where the undisputed evidence **precludes**

recovery, and it does not appear that it can be refuted on another trial, and there is a fair certainty that such evidence presents the true situation, there is no good reason for ordering a new trial. Especially is this true where that which precludes recovery is the evidence of the party who prevailed.

Accordingly, the judgment is reversed and the cause is remanded, with directions to enter judgment for the defendant.

OSBORN, C. J., and WELCH, GIBSON, and HURST, JJ., concur. CORN, J., dissents. BAYLESS, V. C. J., and RILEY and DAVISON, JJ., absent.