## CENTRAL STATES LIFE INS. CO. OF ST. LOUIS, MO., v. JORDAN.

No. 28287.   Jan. 17, 1939.

Hatcher & Hatcher and Potterf, Gray & Poindexter, for plaintiff in error.

Champion, Champion & Fischl, for defendant in error.

BAYLESS, C. J.  Central States Life Insurance Company, of St. Louis, Mo., issued a policy of life insurance in favor of W. K. Jordan, who named his wife, Willa Mae Jordan, beneficiary. Jordan died and the company paid to the beneficiary the benefits due under the ordinary life insurance terms of the policy. However, the policy contained a "Double Indemnity in Event of Accidental Death" clause, and the company rejected the claim for additional benefits based thereon. The widow instituted an action in the district court of Carter County, Okla., and from a judgment in her favor the company appeals.

The company argues two propositions, to wit: Plaintiff is not entitled to recover under the double indemnity provision of said policy because insured's husband's death resulted directly or indirectly, wholly or partly, from bacterial infections or from disease; and plaintiff is not entitled to recover because she did not prove that the death of her husband resulted directly and independently of all other causes from bodily injuries effected solely through external, violent, and accidental causes. These are argued together.

The primary question to which we first direct our attention involves a construction of the double indemnity provision of the contract in view of the facts of this case.

This provision reads:

"The additional sum payable in event of the accidental death of the insured shall be due if the company receives due proof that such death * * * resulted directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental causes, * * * and that there was evidence of such accidental means by visible contusion or wound on the exterior of the body; * * * provided that this Double Indemnity Benefit shall not be payable if the death of the insured shall result directly or indirectly, wholly or partly from * * * bacterial infections or from any disease. * * *"

The facts are virtually undisputed, and show that deceased was a large, strong, healthy, vigorous man on and prior to the day of the accident. There is not the slightest evidence of a pre-existing infection or disease. On a certain day, while engaged in a friendly scuffle with a friend, deceased sustained a slight abrasion of the skin high on the cheek near the temple. Within a few days deceased developed all of the symptoms of erysipelas, including skin eruptions and sore throat, and within a few days died of erysipelas and sore throat. It seems that both result from streptococcus infection. The medical testimony was unanimous that such infections may gain their entrance through abrasions of the skin, and all of the physicians who testified with respect thereto were of the opinion that the abrasion on deceased's face was the portal of entry of the streptococcus germ. A portion of deceased's face wasted away and the cause of death was given as septicemia with the throat being a contributing cause.

The company contends that since it is certain that death resulted from bacterial in-

fection and disease, the benefits are not due. The beneficiary contends that such an interpretation of the language of the contract is not justified, but that where death results from infection or disease which are attributable to the accident the benefits are due. To state this contention another way, beneficiary contends that where infection and disease follow an accident and are attributable thereto, the policy covers; and that the bacterial infections and disease spoken of in the policy and excluded from protection are such infections and disease as predated the accident, or accompanied, or followed it without any causal relation thereto.

We do not find that we have had to pass upon this precise question before. There are two cases cited to us wherein we held: (1) That the injury was contributed to by a pre-existing disease (Great Northern Life Ins. Co. v. Farmer's Union Co-op. Gin Co., 181 Okla. 370, 73 P.2d 1155), and where the accident (probably sufficient to have caused death) was followed by overindulgence in alcoholic drinks which was a direct and contributing factor to death (Federal Life Ins. Co. v. Firestone, 159 Okla. 229, 15 P.2d 141). Recovery was denied in each case.

There is no dearth of authority in the other courts of the United States. Almost without exception it is held that infections or diseases following an accident and attributable thereto are within the protection of the policy. There are numerous discussions of this subject in A. L. R., some of them being 7 A. L. R. 1133; 35 A. L. R. 1191; 71 A. L. R. 1438; and 108 A. L. R. 28, which treats of the precise policy provision and closely analogous ones. In Rorabaugh v. Great Eastern Cas. Co., 117 Wash. 7, 200 P. 587, it is said:

"Here the death was the direct result of the injury to the insured's finger, and not the direct result of blood poisoning. If the insured's death had been the direct result of blood poisoning, which was not in anywise connected with an injury caused by 'external, violent, and accidental means' then the contentions of the appellant would probably be correct."

This seems to us to be most reasonable. In some of the cases it is pointed out that the policies, as this one does, cover death which occurs within 90 days of the accident, but that the construction of the language urged by the insurers would so restrict the definition of such an accident as to require almost instant death. Under the theory of the insurer an accidental injury which was certain to produce death within some 30 or 60 days would not be covered if in the meantime the injured developed an infection or disease, even though these were directly

and unmistakably produced by the injury. This contention was well answered by the Supreme Court of Nebraska in Ward v. Aetna Life Ins. Co., 82 Neb. 499, 118 N. W. 70, in the following language:

"Starting with a bodily injury, all morbid changes in the exercise of the vital functions or the texture of the bodily organs **which result from or are induced by such injury** should be regarded as the effect thereof, and not as independent causes. When death results from any such morbid change so resulting from or induced by such injury, the injury, and not the morbid change induced by it, is the cause of death. Beginning with a primary cause, conditions induced by such cause are effects thereof; and every condition so induced must be considered in relation thereto as an effect, and not as a cause."

We will not cite additional decisions by citation, as virtually all of them are included in the annotations above cited or mentioned in the body of the opinions annotated.

The judgment of the trial court is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.