## NORTH AMERICAN ACC. INS. CO. v. ALLENTHARP.

### No. 3451.

Circuit Court of Appeals, Tenth Circuit.

Oct. 28, 1947.

Roy C. Lytle, of Oklahoma City, Okl. (D. I. Johnston, D. C. Johnston, and Keaton, Wells, Johnston & Lytle, all of Oklahoma City, Okl., on the brief), for appellant.

Claud Briggs, of Oklahoma City, Okl. (O. A. Cargill, James R. Eagleton, and O. A. Cargill, Jr., all of Oklahoma City, Okl. on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

Allentharp [1] brought this action against the North American Accident Insurance Company [2] to recover benefits for total and permanent disability under a policy of accident insurance. From a judgment for the insured, the insurer has appealed.

The policy was issued and delivered to the insured in Oklahoma and the benefits were payable in Oklahoma. Its effective date was December 1, 1943, and it was in full force and effect at the time of the accident referred to hereinafter. It contained the following provision:

"(a) If the Insured, while this policy is in force, shall sustain bodily injury, which is effected directly and independently of all other causes solely through accidental means and which injury, within twenty days from the date of accident, causes total and continuous disability and prevents the Insured from engaging in any and every kind of business or labor pertaining to his occupation, the Company will pay: * * '* "

The insured was employed by the Oklahoma State Highway Department. He was a member of a crew of men whose duties were to examine the topography and explore the substrata formations under the routes of proposed highways. The crew used heavy machinery and insured's duties involved hard, manual labor and the exercise of great physical effort.

On June 16, 1944, insured was engaged in resetting a location stake. While so doing, a rock ledge at the location of the stake gave way causing him to fall head first a distance of 12 feet. He landed on his neck and shoulders in a "jackknife" position. The fall caused cuts and bruises and a compression injury to the sixth cervical vertebra and a reversal of the curve of the neck. There was a considerable shortening of the front portion of the sixth cervical vertebra, allowing the vertebra immediately above to ride down lower than it should, thus creating a distortion of position of all the neck vertebrae above the sixth as well as the carrying position of the head.

At the time of the trial, insured could not raise his left arm above his head or move it behind his body, and any movement of the arm resulted in crepitation and pain. His neck was considerably stiffened and any movement of the neck also resulted in crepitation and pain. There was considerable atrophy of the muscles in the region of the sixth cervical vertebra resulting from nature's effort to curb motion of the neck. It is necessary for insured to wear a support belt and to take opiates at night to relieve pain. He removes the belt at night, but, on arising, he has to slip off the side of the bed onto one knee and in that position put on the support belt before he can assume a standing position.

Prior to the injury, the insured suffered from osteoarthritis of the spine. The arthritis was more pronounced in the lumbar region. In the region of the fifth and sixth cervical vertebrae it was slight. X-ray

---

[1] Hereinafter referred to as the insured.

[2] Hereinafter referred to as the insurer.

pictures taken of the insured two years prior to the trial and X-ray pictures taken shortly before the trial demonstrated that the arthritic condition had not materially advanced in the interim. The arthritis contributed to his over-all disability. However, the trial court found that there was "sufficient disability resulting solely from the accident alone, and the injuries thereby inflicted, independent of the arthritis and all other causes, to prevent the plaintiff from engaging in any and every kind of business pertaining to his * * * occupation; that even though the said arthritic condition did exist, and does at this time exist and contribute to the over-all general disability of the plaintiff, yet such contribution thereto by the said arthritis does not now, nor has it any time since the said accidental injury, been responsible for, directly or indirectly, the injury and disability, which has caused and occasioned the inability of the plaintiff to perform any of the duties of his * * * occupation."

The contract is the measure of the liability.[3]

The insurer does not deny total and permanent disability. It contends, however, that the disability in part is caused by the arthritis, and, therefore, is not covered by the insuring provision.

If the arthritis contributed to the total and permanent disability, and if total and permanent disability would not have resulted from the injuries suffered from the accident, except for the contributing arthritis, the judgment below cannot stand.

In Federal Life Ins. Co. v. Firestone, 159 Okl. 228, 15 P.2d 141, 144, the court said:

"If the insured had alcoholic poisoning and this contributed to his death, and that death would not have occurred by reason of the injuries received in the accident except for the contributing cause of alcoholic poisoning then the plaintiff in error, defendant below, was not liable under the terms of the policy in question."

We are of the opinion, however, that the language of the Supreme Court of Oklahoma implies the converse, that is, if the injuries caused by the accident in and of themselves would have caused total and permanent disability, absent the arthritis, the fact that the arthritis contributed to the over-all disability does not preclude recovery.

Our solution of the problem may be aided by a suppositious case: Assume an insured had lost the major portion of both lower limbs as the result of an accident and that he had no arthritis. There, of course, could be no doubt of his total and permanent disability. Would the mere fact that he had an arthritic condition in the spine, which would increase his total over-all disability, preclude recovery? We think not. So, here, if the injuries resulting from the accident would have resulted in total and permanent disability, absent an arthritic condition, we do not think that the arthritic condition which merely added to the over-all disability would preclude recovery.

In the instant case, the evidence, while not altogether consistent, warranted the court in finding that the injuries resulting from the fall in and of themselves caused total and permanent disability, and that such disability would have resulted, absent any arthritic condition. Since the court's finding is supported by substantial evidence and is not clearly erroneous, it is binding on this court.[4]

Accordingly, the judgment is affirmed.

[3] Great Northern Life Ins. Co. v. Farmers' Union Coop. G. Co., 181 Okl. 370, 73 P.2d 1155. 1157.

[4] Rawls v. United States, 10 Cir., 162 F.2d 798, 800.