**Audra L. MINYEN, Administratrix of the Estate of E. C. Minyen, Deceased, Plaintiff-Appellant,**

v.

**AMERICAN HOME ASSURANCE COMPANY, Defendant-Appellee.**

**Audra L. MINYEN, Plaintiff-Appellant,**

v.

**AETNA LIFE INSURANCE CO., Defendant-Appellee.**

**Nos. 334–70, 335–70**

United States Court of Appeals, Tenth Circuit.

June 8, 1971.

Rehearing Denied July 1, 1971.

was a truck driver, and he worked for H. J. Jeffries Truck lines as a lease operator. On April 7, 1968, he was present at the H. J. Jeffries terminal in Morton, Illinois, awaiting dispatch orders. While waiting there, Minyen helped another driver repair faulty lights on the latter's truck. Testimony was that in the course of working between the tractor and trailer, Minyen slipped and fell, striking and injuring his head and leg. There was further testimony that soon after the fall Minyen began to have some problems with his vision.

The day after the fall, Minyen was placed in a hospital. Thereafter and until his death on August 20, 1968, Minyen was in and out of a number of hospitals. He received brain surgery twice during that period, and finally succumbed while receiving terminal care in a nursing home. After Minyen's death, suits were brought to recover on an accident policy issued by American Home and a disability policy issued by Aetna, both of which insured Minyen's life. The cases were consolidated for trial. Appellees insurance companies defended primarily on the ground that Minyen's death was not caused by insured risks, but was caused by pre-existing brain cancer.

American Home's policy, in paraphrase, insured against losses from injury, wherein "injury" means bodily injury caused by an accident and resulting in loss directly and independently of all other causes. The Aetna disability policy insured against loss from bodily injury caused by an accident, exclusive of all other causes. A specific provision in the Aetna policy excluded coverage if the injury from which the disability resulted was "caused or contributed to by, or in consequence of, or is in any way attributable to," inter alia, bodily or mental infirmity or disease of any kind, even though the proximate or precipitating cause of the loss is the accident.

Appellant's first point on appeal challenges the propriety of the trial judge's

Edwin D. Abel, Oklahoma City, Okl., for plaintiff-appellant.

Wayne D. Lawler, Jr., Oklahoma City, Okl. (James D. Fellers, Oklahoma City, Okl., on the brief), for defendant-appellee American Home Assurance Co.

Jay R. Bond, Oklahoma City, Okl., for defendant-appellee Aetna Life Ins. Co.

Before CLARK,* Associate Justice, and HILL and McWILLIAMS, Circuit Judges.

HILL, Circuit Judge.

Appellant represents the estate of her deceased husband, E. C. Minyen. She brought this action seeking to recover on two life insurance policies issued by appellees in the amounts of $25,000, respectively, and covering the life of her deceased husband. The suit was tried to a jury, and verdict was for appellees. Appeal has been taken on three points: (1) the instructions to the jury; (2) the admission of a death certificate into evidence; and (3) the trial judge's refusal to admit into evidence the deceased's deposition taken just prior to his death.

There is no question concerning the sufficiency of the evidence to support the verdict, but the facts are informative if not helpful to an understanding of the issues on appeal. E. C. Minyen

* Associate Justice, United States Supreme Court, Retired, sitting by designation.

instructions to the jury. The pertinent part of the instructions in effect told the jury (1) if Minyen's death was caused by an accident independently of and to the exclusion of all other causes, then the verdict must be for appellant; but (2) if his death was caused by, contributed to, or attributable to a bodily infirmity, the verdict must be for appellees. Appellant argues that the trial judge erroneously instructed the jury in the foregoing and failed to instruct on proximate cause.

Appellant relies heavily on this Circuit's case of Weber v. Continental Casualty Company, 379 F.2d 729 (10th Cir. 1967), for the proposition that appellant may recover if the proximate cause of Minyen's death was the accident, even though the brain tumor was a contributing cause. Weber, however, is inapposite because the court, sitting in diversity, was applying the law of California. In the instant case, there is no question that Oklahoma law governs.

■■■ The law of Oklahoma is well settled that the insurance contract alone is the measure of liability.[1] Policy provisions are binding which disallow recovery if death is contributed to by bodily infirmity or disease, or if death is the result of the concurrence of accidental injury and a pre-existing bodily infirmity or disease.[2] Hence, when the insured risks are limited in this manner, it is irrelevant whether the bodily infirmity or disease is the proximate cause of death or the remote cause, because recovery on the policy is precluded merely if the infirmity or disease is a contributing cause of death. "[T]he rule of proximate cause as applied ordinarily in negligence cases does not apply in construing liability under the policy in question." Federal Life Insurance Co.

v. Firestone, 159 Okl. 228, 15 P.2d 141, 144 (1932).

Appellant's reliance on North American Acc. Ins. Co. v. Allentharp, 164 F.2d 9 (10th Cir. 1947), is misplaced, because the court therein did not interpret the law of Oklahoma as overlaying the rule of proximate causation on the terms of disability or accident policies. In Allentharp, the policyholder sustained a severe injury to his neck vertebrae after a fall. There was also evidence of arthritis, mostly in the lower spine. The trial court held that the insured's disability or inability to perform any of the duties of his occupation resulted solely from the accident alone, independent of the arthritis and all other causes, although the arthritic condition did contribute to the overall *general* disability of the insured. We affirmed on the rationale of Federal Life Insurance Co. v. Firestone, supra, analogously concluding that, "[I]f the injuries caused by the accident in and of themselves would have caused total and permanent disability absent the arthritis, the fact that the arthritis contributed to the over-all disability does not preclude recovery."[3] Our decision in Allentharp did not employ the proximate causation formula to conclude that the accident was the proximate cause of disability while the arthritis was the remote cause; indeed, we stated unequivocally, as did the trial judge therein, that the accident was the sole cause of disability although the arthritic condition had some after-the-fact effect on the insured's overall condition. Hence, Allentharp is in line with the Oklahoma cases stating that the insurance contract, as the sole measure of liability thereunder, may limit recovery to losses not occasioned or contributed to by bodily infirmity or disease.

1. Vowell v. Great American Insurance Company, 428 P.2d 251 (Okl.1966); Hume v. Standard Life and Accident Insurance Co., 365 P.2d 387 (Okl.1961); Great Northern Life Insurance Company v. Farmers' Union Co-op Gin Co., 181 Okl. 370, 73 P.2d 1155 (1937); Federal Life Ins. Co. v. Firestone, 159 Okl. 228, 15 P.2d 141 (1932).

2. *Id.*

3. North American Acc. Ins. Co. v. Allentharp, 164 F.2d 9, 11 (10th Cir. 1947).

In summary, it is clear in the instant case that despite differences in language, the two policies excluded recovery if death was caused or contributed to by a brain tumor; it is equally clear that the trial judge thereupon correctly instructed the jury to return a verdict for appellees if they found that Minyen's death was caused, contributed to, or attributable to a brain tumor.

■ The point is also raised on appeal that it was reversible error to admit into evidence a death certificate which certified that a brain tumor caused Minyen's death. Appellant characterizes the death certificate as inadmissible hearsay because the certifying doctor based his statement on records made by other doctors in addition to his own observations.

In arguing against the admissibility of the death certificate, appellant relies singularly on the case of Federal Life Insurance Co. v. Maples, 204 Okl. 195, 228 P.2d 363 (1951). In that case, the court upheld the trial court's exclusion of the insured's death certificate which listed the cause of death as homicide. In reaching that decision, the court cogently pointed out that an examining physician's statement on a death certificate that the death was homicide or suicide is clearly a different thing than stating that a certain kind of disease or injury caused death. The distinction is apparent, and such a delineation, of course, completely undermines whatever support appellant may gather from the other language of the case.

More pertinent to our resolution of this issue is Okl.St.Ann. 63 § 1–324 which provides in part, "A copy of a [death or birth] certificate or any part thereof issued in accordance with subsection (a) of this section * * * shall be considered for all purposes the same as the original, and shall be prima facie evidence of the facts therein stat-

ed, provided that the evidentiary value of a certificate or record filed more than one (1) year after the event or a record which has been amended shall be determined by the judicial or administrative body or official before which the certificate is offered as evidence." That death certificates are admissible as evidence of the facts stated therein, formed the rationale of National Benevolent Soc. v. Russell, 173 Okl. 331, 48 P.2d 1047 (1935), where the court specifically approved the admission of a death certificate to prove death from hydrocephalus. Similarly, in Osborn v. State, 86 Okl.Cr. 259, 194 P.2d 176 (1948), a death certificate was admitted over a hearsay objection. Clearly the statute and the cases lay to rest the contention that the death certificate was inadmissible.

■ Lastly, we reach the issue whether the trial judge properly refused to allow appellant to introduce E. C. Minyen's deposition into evidence. The deposition was previously taken with regard to workmen's compensation proceedings in Oklahoma involving Minyen and his former employer, H. J. Jeffries Truck Lines.

In Insul-Wool Insulation Corp. v. Home Insulation, Inc., 176 F.2d 502 (10th Cir. 1949), this court elaborated at length the competing interests involved in admitting into evidence depositions taken in a former suit. The court in Insul-Wool reasoned that testimony adduced in a prior suit may be admissible in a subsequent suit even if the parties are not identical, so long as the issues are so similar that the party-opponent in the prior case had the same interest and motives in his cross-examination that the present opponent has. By this time, the decision in Insul-Wool has become bedrock authority.[4]

Applying the reasoning of Insul-Wool to this case, we are first led to analyze the issues in the workmen's compensa-

---

4. *E. g.* Tug Raven v. Trexler, 419 F.2d 536 (4th Cir. 1969); American Photocopy Equipment Co. v. Rovico, Inc., 384 F.2d 813 (7th Cir. 1967); Batelli v. Kagan and Gaines Co., 236 F.2d 167 (9th Cir. 1956); Rivera v. American Export Lines, 13 F.R.D. 27 (S.D.N.Y.1952).

**792**

tion proceeding. In both the proceedings before the State Industrial Board of Oklahoma, which is part of the record on appeal, and the appellate proceedings in the Supreme Court of Oklahoma, Jeffries Truck Lines, Inc. v. Minyen, 470 P.2d 990 (Okl.1970), the issue at stake was whether Minyen's death arose out of and in the course of his hazardous employment. To this end, the tribunals' and presumably the parties' interest was exclusively in whether Minyen was engaged in an activity within the scope of his lease contract or employment on April 7, when he fell while fixing his fellow driver's truck lights. No other issues are reflected in the records of the compensation proceedings which are available to us on this appeal. Moreover, the cross-examination of Minyen in the deposition (which was a part of the record on appeal but was not admitted into evidence) appears to be centered on Minyen's employment relationship at the time of the accidental fall. Hence it is abundantly clear that the employment issue in the compensation case was significantly different from the issues posed in the trial court in the instant case, such that the corresponding party-opponents shared little common interest. Accordingly, the trial court properly excluded the deposition from evidence.

Affirmed.