Jack K. BEWLEY, Executor of the Estate of W. E. Bewley, Deceased, Appellant,

v.

AMERICAN HOME ASSURANCE COMPANY, Appellee.

Merle E. BEWLEY, Appellant,

v.

ASSOCIATED INDEMNITY CORPORATION, Appellee.

Nos. 71-1086, 71-1087.

United States Court of Appeals, Tenth Circuit.

Nov. 9, 1971.

Edward O. Monnet, of Murdock, Schwabe & Monnet, Tulsa, Okl. (Ben L. Murdock, of Murdock, Schwabe & Monnet, Tulsa, Okl., on the brief), for appellants, Jack K. Bewley, Executor of Estate of W. E. Bewley, Deceased, and Merle E. Bewley.

James D. Fellers, of Fellers, Snider, Baggett, Blankenship & Bailey, Oklahoma City, Okl. (Wayne D. Lawler, Jr., of Fellers, Snider, Baggett, Blankenship & Bailey, Oklahoma City, Okl., on the brief), for appellee, American Home Assur. Co.

Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for appellee, Associated Indemnity Corp.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

Plaintiffs-appellants were beneficiaries to accidental death insurance policies issued by the two companies named above, which companies were defendants in the trial court. The district court granted the defendants' motions for directed verdicts. Following denial of plaintiffs' post-trial motions, they appealed.

The insured, W. E. Bewley, was 64 years of age at the time of his death which occurred on February 2, 1969. The accident which was allegedly the cause of his death occurred on the night of January 12, 1969. He fell while walking to the bathroom with the aid of a stroller. Mrs. Bewley testified that her robe became entangled in his stroller and that this caused the fall on the concrete floor. The decedent struck his head with some force. He was taken to

the hospital where he remained until his death.

Dr. L. D. Davis attended the insured and, indeed, had been his personal physician for some years prior to the injury. Dr. Davis testified at the trial and signed the death certificate.

The immediate cause of death was congestive heart failure. However, the fall produced a thrombosis which placed strain on the heart. The testimony of Dr. Davis presents the plaintiffs' case in its strongest light. On direct examination he stated first that he was sure that the fall and the accident precipitated the death, and he also concluded that the fall was the cause of the decedent's death directly and independently of all other causes. His detailed testimony on direct and cross-examination added up, however, to somewhat different conclusions. These are summarized as follows:

1. Mr. Bewley developed a cerebral thrombosis or clot in the brain as a direct result of the fall he took on the night of January 12.

2. As a result of this thrombosis, increased strain was put on his heart.

3. Mr. Bewley had been for some time subject to angina pectoris, and had at some uncertain time in the past suffered a coronary infarction; in other words, he was in lay terms the victim of a "heart condition" which had nothing to do with his fall but pre-dated it by several years.

4. The immediate cause of death was congestive heart failure. This heart failure was due to the existence of the aforementioned thrombosis, but the thrombosis would not have caused heart failure had the heart not already been weakened by the angina and infarction.

5. Thus, the insured would probably not have died had he not fallen, but he also would probably not have died had he fallen and not had the pre-existing heart condition. Both the fall and the pre-existing heart condition contributed to his death.

The key provision in both policies is the definition of injury which is as follows:

" 'injury' whenever used in this policy means bodily injury caused by an accident occurring while this policy is in force * * * and *resulting directly and independently of all other causes* in loss covered by this policy."

The crucial words are those which we have emphasized.

The undisputed evidence in the case established that the cause of death was not merely the decedent's fall; that his chronic heart condition was a contributing cause of his death. The court noted that the evidence in the case was not such as to tolerate different conclusions. The judge noted that for some time prior to the fall decedent had suffered from angina pectoris, a restriction of the circulatory system and that he had previously suffered what is called an infarction or damage to the walls of the heart. All this weakened the condition of decedent's heart. The concussion thereafter strained the already weakened heart and the heart failure followed.

In summarizing the testimony of the doctor the trial court noted:

" * * * He said that had it not been for the concussion Mr. Bewley would not have died when he did from his weakened heart condition. * * * "

In view of the fact that his heart condition was a contributing cause of his death, the court considered that it was obliged to take the case from the jury since the quoted provision in the policy limited recovery to instances in which, the injury itself produced the death.

■■ The applicable law is that of Oklahoma, and the Supreme Court of that state has on numerous occasions construed language such as that which appears in the instant policies. Generally speaking, Oklahoma has followed the generally accepted rule that where the insured is afflicted with a disease or infirmity which substantially contributes

to death or injury, the death or injury is not within the coverage of a policy which insures against death or bodily injury by accidental means, direct and independent of other causes. See Vowell v. Great American Insurance Co., 428 P.2d 251 (Okl.1966), and Hume v. Standard Life and Accident Ins. Co., 365 P.2d 387 (Okl.1961).

This court has also had occasion to construe the present language in two recent decisions, Minyen v. American Home Assurance Co., 443 F.2d 788 (10th Cir. 1971), and Embry v. Equitable Life Assurance Society of the United States, 451 F.2d 472 (10th Cir. 1971).

Our decision in *Minyen* is particularly apposite since the case arose in Oklahoma and the court had occasion not only to construe the clause in question, but also to consider the Oklahoma cases in relationship to it. *Minyen* is also similar on its facts since the death occurred after a fall. There was evidence tending to show that decedent had a brain tumor which at least contributed to his death. The opinion of the court in *Minyen* stated:

The law of Oklahoma is well settled that the insurance contract alone is the measure of liability. Policy provisions are binding which disallow recovery if death is contributed to by bodily infirmity or disease, or if death is the result of the concurrence of accidental injury and a pre-existing bodily infirmity or disease. Hence, when the insured risks are limited in this manner, it is irrelevant whether the bodily infirmity or disease is the proximate cause of death or the remote cause, because recovery on the policy is precluded merely if the infir-

mity or disease is a contributing cause of death. "[T]he rule of proximate cause as applied ordinarily in negligence cases does not apply in construing liability under the policy in question." Federal Life Insurance Co. v. Firestone, 159 Okl. 228, 15 P.2d 141, 144 (1932). (443 F.2d at 790; footnotes omitted.)

The opinion further stated:

In summary, it is clear in the instant case that despite differences in language, the two policies excluded recovery if death was caused or contributed to by a brain tumor; it is equally clear that the trial judge thereupon correctly instructed the jury to return a verdict for appellees if they found that Minyen's death was caused, contributed to, or attributable to a brain tumor. (*Id.* at 791.)

The appellants contend for the familiar rule of proximate cause applicable in tort cases. This principle allows a recovery if there were contributing causes and if each was a substantial factor in producing the result.[1] However, under the law of Oklahoma, as correctly summarized in *Minyen*, this doctrine is not here applicable. Indeed, the Supreme Court of Oklahoma has dealt with this in specific terms.[2] We are bound to apply this interpretation.

In sum, then, we are of the opinion that in view of the fact that the evidence as to the existence of contributing causes was undisputed, the trial court was correct in its ruling.

Appellants finally argue that the result of upholding the trial court in this case is that insurers are not required to pay in any situation in which the insured is advanced in age and thus is sus-

1. See, e. g., Restatement of the Law of Torts, 2d, 1965 § 431, p. 428:
   The actor's negligent conduct is a legal cause of harm to another if
   (a) his conduct is a substantial factor in bringing about the harm, and
   (b) there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm.

Cf. § 441, Comments *b.* and *c.* (active force on a passive condition).

2. In Federal Life Insurance Co. v. Firestone, 159 Okl. 228, 15 P.2d 141 (1932), the court said: "[T]he rule of proximate cause as applied ordinarily in negligence cases does not apply in construing liability under the policy in question." (15 P.2d at 144).

ceptible to occurrences such as the present one. It is quite true that the coverage is narrow. It is also true, however, that the Oklahoma rule applied by this court is in accord with the generally accepted view.[3] We need not comment on counsel's projection. Our function is to apply the law in particular cases presented and in the present one, as previously noted, the undisputed evidence is that there were concurring causes.

The judgment is affirmed.

3. 44 Am.Jur.2d, Insurance, § 1271. Some courts follow a contrary viewpoint. For example, Alabama and California apparently interpret the language of these contracts as setting forth a proximate cause standard; see, e. g., New York Life Ins. Co. v. McGehee, 260 F.2d 768 (5th Cir. 1968); Weber v. Continental Casualty Co., 379 F.2d 729 (10th Cir. 1967).