LaVada HART, Administratrix of the Estate of Charles B. Hart, Deceased, Plaintiff-Appellee,

v.

INSURANCE COMPANY OF NORTH AMERICA, a corporation, Defendant-Appellant.

No. 71-1351.

United States Court of Appeals, Tenth Circuit.

April 7, 1972.

Edgar Fenton of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendant-appellant.

B. J. Cooper, of Rinehart, Cooper & Stewart, Oklahoma City, Okl., for plaintiff-appellee.

Before LEWIS, Chief Judge, DOYLE, Circuit Judge, and WINNER, District Judge.

LEWIS, Chief Judge.

This diversity action was commenced in the Western District of Oklahoma and was advanced by the administratrix of the estate of Charlie B. Hart, deceased. The complaint seeks recovery against the Insurance Company of North America under a policy of accident insurance covering Charlie B. Hart, the insured, and the dispute centers on the determination of the cause or causes of the insured's injuries which resulted in his total and permanent disability.[1] The policy insures against

loss resulting directly and independently of all other causes from bodily injuries caused by accident. . . .

Both parties moved for summary judgment, the insured prevailed and the insurer brings this appeal. From the stipulated facts it is learned that on May 8, 1969, while at work the insured received a blow to the chin and left side

---

1. Hart died during the course of this litigation. The policy provides for pay-

ment of the face amount for total and permanent disability.

of the neck from a construction crane hook. A laceration was produced on the chin, Hart was treated, the cut was sutured and he was released to his home. Some five hours later his wife found him unable to speak and paralyzed on his right side.

Four months prior to this accident the insured had been examined by Dr. Rhinehart, a physician specializing in neurological surgery. Hart had complained to his personal physician, Dr. Shaw, of weakness in his right arm, some numbness in the right side of his face, a tendency to veer off to the right and perhaps some dizziness. Dr. Shaw referred him to Dr. Rhinehart for examination. Dr. Rhinehart found impaired circulation to the left side of the brain caused by hardening of the left carotid artery to the left side of the brain. This hardening, or arteriosclerosis, produced some bruit or noise in the constricted vessel due to the narrowing of the vessel through which the blood passed to the brain. Blood thinner medication was prescribed which substantially eliminated the symptoms of weakness and numbness to Hart's right side. The medication did not increase the size of the constricted arteries but reduced the viscosity of the blood thus allowing freer passage to the brain. Surgery which would have reamed out the implicated vessel was considered but rejected.

Based on the pleadings, a more detailed statement of these facts, depositions from the doctors and complete hospital reports the defendant insurance company moved for summary judgment. Plaintiff opposed the motion on the basis that the question of causal relationship between the accidental injury and the disability of Mr. Hart is a question of fact for decision by a jury. In the alternative plaintiff also moved for summary judgment on the basis that defendant insurer "had offered no evidence to establish that Mr. Hart's disability was not caused by the accident he sustained to refute the evidence and opinions of [the two doctors]."

The court granted insured's motion for summary judgment but in doing so made contradictory findings of fact to the effect that Mr. Hart's total and permanent disability was caused by the accidental blow independent of all other causes but that the blow "might not" have caused such disability "had he not had" the pre-existing arteriosclerosis. Under Oklahoma law such findings beg the question of liability for as we recently held in Bewley v. American Home Assurance Co., 450 F.2d 1079, the traditional rule of proximate cause is not here applicable and the correct rule was earlier stated by this court in Minyen v. American Home Assurance Co., 443 F.2d 788, to be

The law of Oklahoma is well settled that the insurance contract alone is the measure of liability. Policy provisions are binding which disallow recovery if death is contributed to by bodily infirmity or disease, or if death is the result of the concurrence of accidental injury and a pre-existing bodily infirmity or disease. Hence, when the insured risks are limited in this manner, it is irrelevant whether the bodily infirmity or disease is the proximate cause of death or the remote cause, because recovery on the policy is precluded merely if the infirmity or disease is a contributing cause of death. (footnotes omitted). 443 F.2d at 790.

Although the present findings of the trial court will not support summary disposition the appellant insurance company contends that the record requires a remand to the trial court with directions to enter summary judgment favoring the insurer. The applicable record pertaining to the cause of Mr. Hart's disability is contained in the testimony and statements of Mr. Hart's private physicians, Drs. Rhinehart and Shaw. Dr. Rhinehart, in deposition, expressly stated that in his expert opinion Mr. Hart would not have suffered a disabling stroke except for the pre-existing arteriosclerosis. Although there is strong in-

dication that the two doctors are in complete accord concerning Mr. Hart's medical history, Dr. Shaw's opinion that "the trauma to the jaw on May 8, 1969 was the precipitating factor in the stroke which has disabled Mr. Hart," is somewhat clouded by the word "precipitated" and in view of the ease of clarification we think it improper to judicially interpret his statement as completely negativing the existence of a disputed determinative fact. Accordingly we reverse the judgment and remand with directions to vacate the summary judgment for the insured and for such further proceedings as may be proper.